U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Dec 10 - 2024
John M. Domurad, Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Mary-Rose F. Calenzo
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiff(s)　　　　)　　Civil Case No.: 1:24-cv-1499 (AMN/CFH)
　　　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　　)　　**CIVIL COMPLAINT**
　　　　　　　　　　　　　　　　　　　)　　**PURSUANT TO**
　　　　　　　　　　　　　　　　　　　)　　**TITLE VII OF THE**
　　　　　　　　　　Defendant(s)　　　)　　**CIVIL RIGHTS ACT,**
　　　　　　　　　　　　　　　　　　　　　　**AS AMENDED**
Waste Managment, Joseph Mazzelli, James Dennis,
Raymond Bender, Michael Glass

Plaintiff(s) demand(s) a trial by:　☒ JURY　　☐ COURT　(Select **only** one).

## JURISDICTION

1. Jurisdiction is conferred on this court pursuant to 42 U.S.C. § 2000e-5.

## PARTIES

2. Plaintiff: Mary-Rose F. Calenzo

   Address: 553 Coyote Circle

   Midway Park, NC 28544

Additional Plaintiffs may be added on a separate sheet of paper.

3. a. Defendant: Waste Management, Inc.

   Official Position: Company

   Address: 800 Capitol St Ste 3000

   Houston, TX 77002

   b.  Defendant: **Joseph Mazzelli**

   Official Position: **District Manager**

   Address: 100 Boat Street

   Albany, NY 12202

   Additional Defendants on additional Documents

4. This action is brought pursuant to:

   [✔] Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq.,* and the Civil Rights Act of 1991, for employment discrimination based on race, color, religion, sex or national origin.

   [ ] Pregnancy Discrimination Act of 1978, codified at 42 U.S.C. § 2000e(k), as amended, Civil Rights Act of 1964, and the Civil Rights Act of 1991, for employment discrimination based on pregnancy.

5. Venue is invoked pursuant to 28 U.S.C. s 1391.

6. Defendant's conduct is discriminatory with respect to the following (check all that apply):

   (A) [ ] My race or color.
   (B) [ ] My religion.
   (C) [✔] My sex (or sexual harassment).
   (D) [ ] My national origin.
   (E) [ ] My pregnancy.
   (F) [ ] Other: _____.

7. The conduct complained of in this action involves:

   (A) [ ] Failure to employ.
   (B) [✔] Termination of employment.
   (C) [✔] Failure to promote.
   (D) [✔] Unequal terms and conditions of employment.
   (E) [ ] Reduction in wages.
   (F) [✔] Retaliation.
   (G) [ ] Other acts as specified below:

   _____

   _____

8. **FACTS**

Set forth the facts of your case which substantiate your claims. List the events in the order they happened, naming defendants involved, dates and places.

**Note: You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.** (You may use additional sheets as necessary).

4/30/2018 Due to Mr. James Dennis refusing to provide the proper equipment.

Mary-Rose F. Calenzo sustained an injury while trying to perform her duties of

Swapping out loaded cans onto a lift gate of a box truck. The lift gate was not adaquet

for the job and Mary-Rose F. Calenzo suffered a shoulder injury.

PA Vincent Montagnino Diagnosed Ms. Calenzo with a Right Rotator Cup Tendonitis

And Adhesive Capsulitis

Gallagher Basset Workmans Comp #003000397377WC01


See additional notes


9. **CAUSES OF ACTION**

**Note: You must clearly state each cause of action you assert in this lawsuit.**

**FIRST CAUSE OF ACTION**

Desparat Treatment

## SECOND CAUSE OF ACTION

Defamation

## THIRD CAUSE OF ACTION

Breach of Contract

10. I filed charges with the New York State Division on Human Rights, the New York City Commission on Human Rights or Equal Employment Opportunity Commission regarding the alleged discriminatory acts on or about:

02/26/22
(Provide Date)

11. The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter (**copy attached)** which was received by me on or about:

09/13/24
(Provide Date)

12. The plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f).

13. The defendant(s) is (are) an employer, employment agency, or labor organization within the meaning of 42 U.S.C. § 2000e(b), (c), or (d).

14. The defendant(s) is (are) engaged in commerce within the meaning of 42 U.S.C. § 2000e(g).

15.  **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff(s) request(s) that this Court grant the following relief:

Back Pay $143,000 loss of pay for last 3 years, Front Pay $143,000 potential income

lost had I not been discriminated and retaliated against.  Compsation for emotional

Distress and harm to my reputation caused by the defamation and discrimination $600

Punitive Damages $200,000 and Legal fees up to but not limited to $14,000

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  12/10/24

Mary-Rose F. Calenzo

Signature of Plaintiff(s)
(all Plaintiffs must sign)

02/2010

Case 1:24-cv-01499-AMN-PJE    Document 1    Filed 12/10/24    Page 6 of 11

Additional Defendants:

James Dennis

Route Manager for Commercial

100 Boat Street

Albany, NY 12202


Michael Glass

Route Manager for Industrial

100 Boat Street

Albany, NY 12202


Raymond Bender

Safety Manager

100 Boat Street

Albany, NY 12202

Mr. Dennis violated my civil rights under title VII. Through several of his actions with the assistance of others.  By means of disparate treatment causing disparate impact, retaliation and negligence. The following actions by Mr. Dennis along with Joseph Masselli, Michael Glass and Raymond Bender.

Mr. James Dennis kept the positions of Commercial Waste Driver Positions concealed from the female experienced Commercial Waste Driver until the 5 male employees.  Either completed their training or obtained the necessary licensing and training to be promoted to a Commercial Waste Driver.  The following promotions provided to the 5 male employees in the 2 & ½ years prior to my termination are as follows:

1) 2018 Wayne Hallenbeck – Previous experience in Commercial Waste Collection.  But due to his history of accidents.  Was removed from Commercial Waste Collection and placed in another role.  Promoted back to Commercial Waste Driver.

2) 2019 Jason Bauer – previous experience in Residential Waste Collection.  No previous experience in Commercial Waste Collection.  Trained and promoted to Commercial Waste Driver.

3) 2020 John Ryan – previous experience in Container Delivery.  No previous experience in Commercial Waste Collection.  Trained and promoted to Commercial Waste Driver.

4) 2021 Bryan Crom - Previous experience a Commercial Rear Load Waste Collection helper, had no legal license to operate a commercial vehicle nor experience driving a commercial vehicle.  Mr. Dennis assisted Mr. Crom with obtaining his commercial license.  Using another driver to train and further giving permission to use a Waste Management truck to obtain his commercial driver's license.  Once Mr. Bryan Crom obtained his Commercial Drivers License.  Mr. James Dennis reminded Mr. Crom that he still needed to apply for the position of Commercial Waste Driver

5) 2021 Earl Martin III – Previous Roll Off Driver who was trained to operate a commercial front load truck. During my absence while assisting the Massachusetts branch collecting waste.  A route was created for Mr. Martin and the assigned truck Mr. Earl Martin III was assigned was the female driver's prior truck.

    - As Per the documents Mr. James Dennis provided the EEOC regarding Waste Management's promotion policies.  Those policies include the standard practice of eligibility including the most qualified.  4 of the above-mentioned inexperienced employees were deemed more qualified than the experienced female employee who was sent to Massachusetts to assist with collection of Waste and Recycling.

11/2021 Mr. James Dennis breached the contract made with Mary-Rose F. Calenzo and Waste Management. When he made changes to the route sequencing that was in violation of company policy. Mary-Rose F. Calenzo signed the agreed upon terms on 03/5/2018. That She would abide by the rules set in place by Waste Management. These rules were to be followed as such, or Mary-Rose F. Calenzo would potentially be terminated if found violating these rules. James Dennis was aware of these rules and harassed Mary-Rose F. Calenzo to follow his directions. Mary-Rose F. Calenzo felt that Mr. James Dennis was intentionally setting Mary-Rose F. Calenzo up to fail. When she brought it to the District Manager Mr. Joseph Mazzelli's attention regarding company policy and the way Mr. James Dennis was instructing her was a direct violation of company policy. That she didn't feel safe doing it in the way Mr. James Dennis instructed her. District Manager Joseph Mazzelli instructed Mr. Raymond Bender to determine if the instructions were safe. Mr. James Dennis, Mr. Joseph Mazzelli and Mr. Raymond Bender were all aware of Waste Managements policies regarding the directions Mr. James Dennis was giving. And they were all aware that his instructions were in fact prohibited and there were no exceptions to these rules. Regardless of whether his instructions were safe or not. The actions were prohibited. And unless a safety policy was changed to allow such activities, they could not force Mary-Rose F. Calenzo to follow James Dennis's instructions. Mary-Rose F. Calenzo is a professional driver and regardless of Mr. James Dennis's instructions. If Mary-Rose F. Calenzo were to follow his instructions and an accident happens. Mary-Rose F. Calenzo would be the only one held accountable. Not Mr. James Dennis, Mr. Joseph Mazzelli nor Mr. Raymond Bender. It is the sole responsibility of Mary-Rose F. Calenzo to operate a commercial vehicle in a safe manor. Regardless of Mr. James Dennis's quest for efficiency.

*See pages 7,9,10 and 12 further detailed is how Mr. James Dennis, with assistance of Mr. Joseph Mazzelli and Mr. Raymond Bender harassed Mary-Rose F. Calenzo to violate company rules.

In the 3 & ½ years of my employment with Waste Management. There were always spare trucks for each line of business at the Albany branch. Including a spare truck for both the Commercial Waste Drivers and the Commercial Recycling Drivers to use when their route truck was unavailable due to needed repairs or service. There was never a time when a spare truck was only made available to Commercial Waste only. Because it made no financial sense to do such. The cost of insurance and maintenance to hold several trucks on the yard for the different lines of work. It would present an even bigger cost. Which is why every single branch only holds 1 truck for each line of work. Regardless of whether the driver is picking up waste or recycling. In Mr. James Dennis's description of what took place on January 10th, 2022, was inaccurate. The very truck Mary-Rose F. Calenzo deemed unsafe, and Mr. James Dennis denied the issues with the truck existed. Was taken off the line and was in the shop for the much-needed repair.

*In Mr. James Dennis additional notes Mr. James Dennis denied the validity of the complaints Mary-Rose F. Calenzo made regarding her newly assigned truck. Including being placed in an unsafe situation when the truck had issues that limited the acceleration to only 45mph. While she was required to drive a toll road with a speed limit of 65. Mr. James Dennis continues to admit that that truck was in fact in need of a repair that affected the speed of the truck. Mr. James Dennis has a history of refusing to accept Mary-Rose F. Calenzo's concerns about a safe truck.

At 3:30am on January 10th, 2022, When Mary-Rose F. Calenzo came into work.  The truck assigned to her wouldn't start and denied her the ability to do a proper pre trip.  Which was required of her by DOT. And Waste management's policy regarding starting times for the Mechanics wasn't until 7:00am.  And even though a mechanic was called.  It still prolonged Mary-Rose F. Calenzo's start time.  Mary-Rose F. Calenzo had only previously been told that her previous truck was now the newly designated spare truck. Mary-Rose F. Calenzo asked to use the newly designated spare truck.  Mr. James Dennis denied Mary-Rose F. Calenzo access to the newly designated spare truck and went so far as to give her an ultimatum of either she takes the inoperable truck as planned or go home.  Mr. James Dennis claimed that Mary-Rose F. Calenzo route truck was needed to assist a Commercial Waste route driver who was repeatedly coming in overweight in the previous spare struck.  Mary-Rose F. Calenzo understood the need for her route truck.  However, Mr. James Dennis did not inform Mary-Rose F. Calenzo that her pervious route truck turned spare truck would no longer be available to her.  Because he had now assigned the truck to Mr. Earl Martin III.  Furthermore Mr. James Dennis claimed that the newly designated Recycling truck (previous spare truck)couldn't by law carry the weight of Waste.  However, as you can see on page 29 of Mr. James Dennis's proof provided to the EEOC Investigator.  The very truck Mr. James Dennis claimed was not adequate to be used to collect Waste.  And that this very truck was going to be used specifically for recycling only.  But once Mary-Rose F. Calenzo was terminated her route truck(previous spare truck) was again being used as the spare truck.  It was used on 1/26/22 by Jason Bauer to collect 4.41 tons of waste.  On 1/21/22 by the swing driver Keith Faustel who collected 7.18 tons of waste. On 2/14/22 again by Keith Faustel collecting 8.65 tons of waste and 8.79 tons of waste.  And again, by Jason Bauer on 1/26/22 collecting 10.14 tons of waste.  The fact that the entire list of drivers with dates and weights shows that the truck Mr. James Dennis deemed inadequate to collect waste.  It was sufficient once Mary-Rose F. Calenzo was terminated.

On 4/15/2022 Mr. James Dennis claimed that Mary-Rose F. Calenzo was instructed to come to see him on 1/12/22 and did not.  However, I have a video taken on 1/13/22 informing Mr. James Dennis I never received any message or was told to go see Mr. James Dennis by the young lady we turned our paperwork into at the end of the day.  That on 1/13/2022 I tried to discuss the incident that took place at the account where a wall had been knocked over by a dumpster when the driver was no longer attached to the can.  Mr. James Dennis refused to discuss it at 3:30am.  Because regardless of what took place Mr. James Dennis already had the write up.  Mr. James Dennis was charging Mary-Rose F. Calenzo with a preventable accident.  And regardless of Mary-Rose F. Calenzo's attempt to prevent the outcome.  When she informed dispatch of the condition of the wall on 10/16/2021.  Mr. James Dennis ignored the concern and any other concerns placed by other drivers of this specific location.  As you will see in the documentation images of Waste Management's policies when it came to unsafe locations.

04/15/2022 Mr. James Dennis made false statements against Mary-Rose F. Calenzo.  Claiming that during the discussion on 1/14/2022 Mary-Rose F. Calenzo stood up pointed her finger at Mr. James Dennis and <u>repeatedly</u> stated "She was not going to f---ing sign anything.  Mary-Rose F. Calenzo recorded the entire conversation.  It includes Mr. James Dennis admitting to giving Mary-Rose F. Calenzo an ultimatum.  Of either I drive the truck that was inoperable or go home as he instructed.  Which was a direct violation of

my rights to safe equipment. It also is a contradiction to Mr. James Dennis's write up he claimed took place on 1/10/2022. In Mr. James Dennis's and Mr. Michael Glass's statements regarding my actions They falsified what transpired and it begs to question why two managers would make false statements about what happened. Especially since while Mary-Rose F. Calenzo took up Mr. James Dennis instructions again. Either she signs the write ups or go home. And while getting her stuff to go home. Informed Mr. Michael Glass that while he tried to convince Mary-Rose F. Calenzo that Mr. James Dennis never said to go home. That she had recorded the entire conversation. Mr. Michael Glass informed Mary-Rose F. Calenzo he had in fact recorded the entire conversation as well. It begs to question why 2 male managers would make false claims against a female employee if they had a recording of the entire conversation.