UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARY-ROSE F. CALENZO,

                         Plaintiff,

    v.                                                      1:24-cv-01499 (AMN/PJE)

WASTE MANAGEMENT, INC., et al.,

                         Defendants.
_____

**APPEARANCES:**

**MARY-ROSE F. CALENZO**
553 Coyote Circle
Midway Park, North Carolina 28544
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

**I.    INTRODUCTION**

On December 10, 2024, Plaintiff Mary-Rose F. Calenzo, commenced this action *pro se* against her former employer, Waste Management, Inc. ("Waste Management"), and her former coworkers, James Dennis, Michael Glass, Raymond Bender, and Joseph Mazzelli (collectively, the "Individual Defendants"), alleging claims of discrimination and related state law claims. *See* Dkt. No. 1 ("Complaint").[1]

This matter was referred to United States Magistrate Judge Paul J. Evangelista, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e), and on August 26, 2025, recommended

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

that (i) Plaintiff's Title VII claims against the Individual Defendants be dismissed with prejudice; (ii) Plaintiff's Title VII claim of disparate treatment as against Waste Management be permitted to proceed; (iii) Plaintiff's claims of unlawful termination, retaliation, and breach of contract as against Waste Management be dismissed without prejudice; and (iv) Plaintiff's defamation claim as against Defendants Dennis and Glass be dismissed without prejudice. *See* Dkt. No. 5 at 31-32 ("Report-Recommendation"). Magistrate Judge Evangelista also recommended that Plaintiff may amend her Complaint to raise claims of discrimination under the New York State Human Rights Law ("NYSHRL") as against the Individual Defendants. *Id.* at 32. Magistrate Judge Evangelista advised that pursuant to 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id*. at 32-33. No objections have been filed, and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

**II.     STANDARD OF REVIEW**

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc.*

*Sec.*, 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted).  The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

**III.   DISCUSSION**

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

First, Magistrate Judge Evangelista recommended that Plaintiff's Title VII claims against the Individual Defendants be dismissed with prejudice for failure to state a claim because "individuals are not subject to liability under Title VII."  Dkt. No. 5 at 12; *see also Pitter v. Target Corp.*, 20-cv-183, 2020 WL 8474858, at *5 (N.D.N.Y. Sept. 1, 2020) (internal citations and quotations omitted), report and recommendation adopted, 2020 WL 7767629 (N.D.N.Y. Dec. 30, 2020); *Terpening v. McGinty*, 21-cv-1215, 2022 WL 2657291, at *7 (N.D.N.Y. Apr. 28, 2022) (internal citations and quotations omitted), report and recommendation adopted, 2022 WL 2115265 (N.D.N.Y. June 13, 2022).

Second, Magistrate Judge Evangelista recommended that Plaintiff's Title VII disparate treatment claim as against Waste Management be permitted to proceed.  Dkt. No. 5 at 20.  "To

3

state a claim for disparate treatment under Title VII, 'a plaintiff must plausibly allege that (1) the employer took adverse action against her, and (2) her race, color, religion, sex, or national origin was a motivating factor in the employment decision.'" *Krul v. Brennan*, 501 F. Supp. 3d 87, 96 (N.D.N.Y. 2020) (cleaned up) (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). Magistrate Judge Evangelista found that Plaintiff alleged facts that at a minimum, give rise to a plausible inference of discrimination, *see Krul*, 501 F. Supp. 3d at 98, thereby permitting Plaintiff's disparate treatment claim to proceed as against Waste Management. Dkt. No. 5 at 20. Plaintiff alleged that "her similarly-situated male coworkers were afforded favorable treatment and working conditions, she was denied 'training that may lead to promotional opportunities,' and she was denied career advancement opportunities." *Id.* at 19 (quoting *Sotak v. Bertoni*, 501 F. Supp. 3d 59, 79 (N.D.N.Y. 2020)); *see also* Dkt. No. 1 at 8-10. Plaintiff also contended that job openings for the position of commercial waste driver were concealed from her, while at least three male coworkers were provided the necessary training to be promoted to the position of commercial waste driver, and four male coworkers were promoted to that position during the 2.5 years prior to Plaintiff's termination. *See* Dkt. No. 1 at 8.

Third, Magistrate Judge Evangelista recommended that Plaintiff's unlawful termination and retaliation claims under Title VII as against Waste Management be dismissed without prejudice. Dkt. No. 5 at 12, 23. Regarding Plaintiff's termination claim, Magistrate Judge Evangelista found that Plaintiff had not alleged any facts to plausibly infer that Plaintiff's sex or gender was a motivating factor in her termination. Dkt. No. 5 at 10-11; *see also* Dkt. No. 1 at 9-11 (alleging that Plaintiff's termination stemmed from a series of events including Plaintiff filing a safety complaint, a dispute between Plaintiff and her supervisors, and Plaintiff's refusal to sign written disciplinary reprimands). Regarding Plaintiff's retaliation claim, Magistrate Judge

4

Evangelista concluded that Plaintiff failed to link the alleged retaliation to Title VII-protected activity. Dkt. No. 5 at 23; *see also Krul*, 501 F. Supp. 3d at 99 (quoting *Vega*, 801 F.3d at 90) (explaining that to state a claim of retaliation under Title VII, a plaintiff must plausibly plead a connection between the alleged retaliatory act and engagement in a protected Title VII activity).

Fourth, Magistrate Judge Evangelista recommended that Plaintiff's breach of contract claim under New York law as against Waste Management be dismissed. Dkt. No. 5 at 29-30. Magistrate Judge Evangelista found that Plaintiff failed to adequately plead the provisions of the contract upon which her claim is based, as Plaintiff did not submit a copy of the contract nor provide sufficient details about the contract terms alleged to have been breached. *Id.* at 29. Accordingly, Magistrate Judge Evangelista recommended the dismissal of Plaintiff's breach of contract claim without prejudice and with leave to amend. *Id.* at 29-30.

Fifth, Magistrate Judge Evangelista recommended the dismissal of Plaintiff's defamation claim against Defendants Dennis and Glass because the claim is barred by the statute of limitations. *Id.* at 27. The statute of limitations elapsed on April 15, 2023 (assuming the date most favorable to Plaintiff) and Plaintiff commenced this action on December 10, 2024.[2] *See* Dkt. No. 5 at 26. Magistrate Judge Evangelista thus recommended the dismissal of Plaintiff's defamation claim but with leave to amend to afford Plaintiff the opportunity to plead entitlement to equitable tolling. *See id.* at 27; *see also Sides v. Paolano*, 15-cv-1203, 2020 WL 6530751, at *4 (N.D.N.Y. June 3, 2020) ("Equitable tolling of the statute of limitations is applicable in certain situations where the Court determines that a plaintiff should, in fairness, be excused from his or her lateness in filing a

---

[2] Defamation claims are subject to a one-year statute of limitations under New York law, *see* N.Y. C.P.L.R. § 215(3), and claims of slander generally accrue on the date of the first publication. *See Phipps v. N. Rivers*, 21-cv-1036, 2022 WL 909095, at *8 (N.D.N.Y. Mar. 29, 2022) report and recommendation adopted, 2022 WL 2666908 (N.D.N.Y. July 11, 2022).

complaint."), report and recommendation adopted, 2020 WL 5511414 (N.D.N.Y. Sept. 14, 2020).

Lastly, Magistrate Judge Evangelista recommended that Plaintiff be granted an opportunity to amend her Complaint to raise claims of individual liability under the NYSHRL to the extent any of the Individual Defendants have the authority to independently hire or fire personnel. Dkt. No. 5 at 18; *see also Zheng, v. Gen. Elec. Co.*, 15-cv-1232, 2015 WL 7421961, at *3 (N.D.N.Y. Oct. 26, 2015) ("Under the NYSHRL, individual liability attaches where an employee . . . [has] the authority to hire or fire people.") (internal citations and quotations omitted), report and recommendation adopted, 2015 WL 7430046 (N.D.N.Y. Nov. 20, 2015).

Having reviewed the Report-Recommendation and considered Magistrate Judge Evangelista's findings as to each claim, the Court finds no clear error in the Report-Recommendation. Accordingly, the Court adopts the Report-Recommendation in its entirety.

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 5, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Title VII claims against the Individual Defendants be **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that Plaintiff's claim of disparate treatment under Title VII as against Waste Management be permitted to proceed; and the Court further

**ORDERS** that Plaintiff's claims of unlawful termination and retaliation under Title VII and breach of contract as against Waste Management be **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that Plaintiff's defamation claim against Defendants Dennis and Glass be **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that Plaintiff may file an Amended Complaint **within THIRTY (30) DAYS** of this Order; and the Court further

**ORDERS** that if Plaintiff files an Amended Complaint within the time permitted, the Amended Complaint is referred to Magistrate Judge Evangelista for further review; and the Court further

**ORDERS** that if Plaintiff does not file an Amended Complaint, the case is returned to Magistrate Judge Evangelista for any orders relating to service of the Complaint on Defendant Waste Management, Inc.; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 22, 2025
 Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge