**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

─────────────────────────────────

MARY-ROSE F. CALEZNO,

                                 Plaintiff,

       v.

WASTE MANAGEMENT, INC., et al.,

                             Defendants.

No. 1:24-CV-1499
(AMN/PJE)

─────────────────────────────────

**APPEARANCES:**

Mary-Rose F. Calenzo
553 Coyote Circle
Midway Park, North Carolina 28544
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

### I. **Background**

       Plaintiff commenced this action on December 10, 2024, by filing a complaint and an application for leave to proceed in forma pauperis ("IFP"). *See* Dkt. Nos. 1-2. On August 26, 2025, the undersigned granted plaintiff's IFP application. *See* Dkt. No. 5.

       Plaintiff's original complaint sought to name the following defendants: (1) Waste Management, Inc. ("Waste Management"); (2) James Dennis ("Dennis"), route manager for commercial; (3) Michael Glass ("Glass"), route manager for industrial; (4) Raymond Bender ("Bender"), safety manager; and (4) Joseph Mazzelli ("Mazzelli"), district manager. *See* Dkt. No. 1 at 1-2, 7. On review of the original complaint, the undersigned interpreted

it as seeking to claims for: (1) gender discrimination, disparate treatment, and retaliation in violation of Title VII of the Civil Rights Act of 1964; and (2) defamation and breach of contract pursuant New York State law. *See generally* Dkt. No. 5. The undersigned recommended that plaintiff's (1) Title VII disparate treatment claim against Waste Management be permitted to proceed; (2) Title VII gender discrimination claims against Dennis, Glass, Bender, and Mazzelli be dismissed with prejudice and without leave to amend; (3) Title VII unlawful termination and retaliation claims against Waste Management be dismissed without prejudice and with leave to amend; (4) New York State defamation claims against Dennis and Glass be dismissed as barred by the statue of limitations, but without prejudice and leave to renew; and (5) New York State breach of contract claim be dismissed without prejudice and with leave to amend. *See id*. In recommending dismissal of plaintiff's Title VII claims against Dennis, Glass, Bender, and Mazzelli, the undersigned explained that "individuals are not subject to liability under Title VII.'" *Id*. at 12-13 (quoting *Pitter v. Target Corp.*, No. 1:20-CV-183 (MAD/CFH), 2020 WL 8474858, at *5 (N.D.N.Y. Sept. 1, 2020), *report and recommendation adopted,* No. 1:20-CV-183 (MAD/CFH), 2020 WL 7767629 (N.D.N.Y. Dec. 30, 2020) (quoting *Patterson v. Cty. of Oneida, New York*, 375 F.3d 206, 221 (2d Cir. 2004))).[1]

The undersigned also recommended plaintiff be afforded an opportunity to amend to raise New York State Human Rights Law ("NYSHRL") gender discrimination claims against Dennis, Glass, Bender, and Mazzelli to the extent that any of them had the authority to hire and fire Waste Management personnel. *See* Dkt. No. 5 at 13-18. Finally,

---

[1] The Court has provided plaintiff with copies of the unpublished decisions cited within this Report-Recommendation & Order except for those the Court provided her along with the August 26, 2025, Report-Recommendation & Order.

the undersigned recommended that if plaintiff were permitted to file an amended complaint, any amended pleading "cannot incorporate a prior pleading by reference," "supersedes and replaces a prior pleading in its entirety," "may only proceed against those defendants and claims dismissed by this Court without prejudice and with leave to amend," and must fully comply with Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure. *Id*. at 31, n.16.

On September 22, 2025, the Court adopted the Report-Recommendation & Order in its entirety. *See* Dkt. No. 6. On October 16, 2025, plaintiff filed an amended complaint. *See* Dkt. Nos. 8-9. Presently before the undersigned is review of plaintiff's amended complaint pursuant to 42 U.S.C. § 1915. *See* Dkt. No. 5 at 2 (setting forth the standard of review).

## II. **Review of Amended Complaint**

### A. **Amended Complaint**

Plaintiff's amended complaint is very similar to the original complaint.[2]  *See* Dkt. Nos. 1, 8. In the amended complaint, plaintiff repleads her Title VII gender discrimination and retaliation allegations against Waste Management, and adds Jess Winowski ("Winowski"), "dispatcher," and Bryan Crom ("Crom"), "employee promoted over plaintiff," as defendants. Dkt. No. 8 at 2; *see generally* Dkt. No. 8. Plaintiff's amended complaint also raises claims under the NYSHRL for gender discrimination, retaliation, and a hostile work environment. *See id*. at 3-4.

---

[2]  As the amended complaint repeats many of the same facts as the original, the undersigned will not repeat them here except where necessary to review the merits of the claims set forth in the amended complaint. Familiarity with the original complaint; the August 26, 2025, Report-Recommendation & Order; and the September 22, 2025, Order on Report & Recommendation is presumed. *See* Dkt. Nos. 1, 5, 6. For further details regarding the facts and claims underlying this action, reference is made to those aforementioned filings.

Plaintiff's amended complaint alleges that Dennis created a "hostile atmosphere by instructing male employees to avoid [her] or risk being accused of sexual harassment. This directive isolated [her] and undermined her ability to work collaboratively."  Dkt. No. 8 at 2. Plaintiff asserts that she was "repeatedly harassed, including being present when Mr. Dennis relieved himself between buildings, being verbally assaulted by a male employee, and being denied access to safe restroom facilities," "falsely accused of stealing company time and forced to accept changes that endangered her safety and job security," and "ultimately terminated in retaliation for raising concerns about discriminatory treatment and unsafe practices."  *Id*. at 3.

Plaintiff raises several additional allegations regarding her employment at Waste Management as a "front load commercial trash driver."  Dkt. No. 8 at 2-3.  She states that "[b]etween 2018 and 2021, [she] was denied five promotional opportunities, all awarded to male coworkers," including one promotion that was denied in favor of Crom, "who lacked the required one year of commercial driving experience."  *Id*. at 2.[3]  Plaintiff alleges that

---

[3]      "NYSHRL claims have a three-year statute of limitations."  *Kirkland-Hudson v. Mount Vernon City Sch. Dist.*, 665 F. Supp. 3d 412, 446 (S.D.N.Y. 2023) (citing *Franchitti v. Cognizant Tech. Sols. Corp.*, No. 21-CV-2174, 2022 WL 2657171, at *8 (S.D.N.Y. July 8, 2022)).  "It is an open question in the Second Circuit whether the filing of an EEOC charge tolls the statute of limitations for discrimination claims under the New York Executive Law."  *Id*. (citing *Shojae v. Harlem Hosp. Ctr.*, 764 F. App'x 113, 114 n.2 (2d Cir. 2019) (summary order)) ("We have not resolved whether the statute of limitations under the [New York State Human Rights Law] and [New York City Human Rights Law] is tolled while a complaint is pending with the [EEOC].").  However, the "overwhelming weight of authority within the [Second] Circuit holds that the filing of a charge with the EEOC tolls the statute of limitations for any related claims under the NYSHRL."  *Id*. at 447 (quoting *Franchitti*, 2022 WL 2657171, at *8) (internal quotation marks omitted).

Additionally, "[b]efore filing a suit in federal court under Title VII, the claimant must make the EEOC filing within 300 days of the alleged discriminatory conduct and . . . must receive a 'Notice of Right to Sue' letter from the EEOC."  *Mwantuali v. Hamilton Coll.*, No. 6:22-CV-1395 (MAD/ML), 2024 WL 1219752, at *5 (N.D.N.Y. Mar. 20, 2024) (quoting *Williams v. New York City Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006) (citing *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001))) (internal quotation marks omitted).  "Although the exhaustion of administrative remedies through filing with the EEOC is not a jurisdictional requirement, 'it remains . . . an essential element of Title VII's statutory scheme, . . . and one with which defendants are entitled to insist that plaintiffs comply.'"  *Id*. (quoting *Muhammad v. N.Y.C. Transit Auth.*, 450 F. Supp. 2d 198, 205 (E.D.N.Y. 2006) (quoting *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000))).  "Courts have noted that [t]he 300-day limitations period is not a jurisdictional prerequisite to suit in federal court; it is a requirement that, like a statute of limitations, is subject to waiver, estoppel and

her driving route "was changed to one with increased safety risks." *Id*. She claims she repeatedly raised these safety concerns to Dennis, Mazzelli, and Bender, but was ignored. *See id*. "In one incident, Mr. Dennis gave Plaintiff an ultimatum: either drive to another branch to retrieve a spare truck or go home – despite a spare truck being available at her location. When Plaintiff chose to go home, she was written up for insubordination." *Id*.

On January 12, 2022, plaintiff was scheduled to undergo a physical examination with the New York State Department of Transportation. *See* Dkt. No. 8 at 2. On January 13, 2022, Dennis delegated to Winowski "the responsibility of notifying plaintiff," that she was to report to Dennis, but plaintiff "was informed that no message had been sent." *See id*. Plaintiff claims Winowski did not instruct her to report to Dennis, despite Dennis' claims that she failed to do so. *See id*. On January 14, 2022, Dennis and Glass made false statements about plaintiff's conduct that plaintiff asserts "are contradicted by video evidence." *Id*. at 3. Also, around January 2022, plaintiff contends that Dennis falsely claimed that she stated, "I'm not signing a f**ing thing," when asked to sign a written reprimand. *Id*.; *see also* Dkt. No. 9 at 21.

---

equitable tolling . . . as well as the continuing violation doctrine." *Id*. (first quoting *Mauro v. Bd. of Higher Educ.*, 658 F. Supp. 322, 324 (S.D.N.Y. 1986) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (internal quotations omitted)), then citing *Cruz v. City of New York*, No. 21-CV-1999, 2021 WL 5605139, *4 (S.D.N.Y. Nov. 30, 2021)). "It is, of course, logically possible that a total failure to present a particular claim to the EEOC raises a jurisdictional bar to bringing that claim in district court, even if presenting that claim to the EEOC in an *untimely* fashion does not constitute such a bar." *Francis*, 235 F.3d at 767 (additional citations omitted).

Plaintiff has not alleged when she was denied the purported promotional opportunities between 2018 and 2021, when she filed her EEOC claim, or the substance underlying her EEOC claim. *See generally* Dkt. Nos. 8, 9. Plaintiff has alleged that she commenced this action eighty-eight (88) days after receiving her EEOC right-to-sue letter. *See* Dkt. Nos. 1, 1-1. Therefore, the undersigned cannot fully evaluate whether all of plaintiff's claims are timely or whether the claims plaintiff presented to the EEOC are the same claims she raises in this lawsuit. In making the within recommendation, the undersigned offers no comment on whether plaintiff's claims could survive a properly-filed and supported dispositive motion to dismiss on this ground.

Further, plaintiff generally asserts that she was denied "promotions to less qualified male employees," had "unequal access to equipment and disciplinary standards," received "false disciplinary actions" based on misrepresented events, faced verbal harassment and "[d]egrading treatment by supervisors," and was "den[ied] restroom access and essential equipment." [4]  Dkt. No. 8. at 3-4.

## B.  Gender Discrimination

Plaintiff alleges that Waste Management discriminated against her by overlooking her for promotions, hiring less-qualified male applicants, misrepresenting events and fabricating reprimands, degrading and verbally harassing her, and ultimately firing her due to her gender, in violation of Title VII and the NYSHRL.  *See* Dkt. No. 8 at 2-4.  In support of her assertions, plaintiff submits a statement from Antonio Balls-Suarez,[5] plaintiff's former co-worker at Waste Management.  *See* Dkt. No. 9 at 1.  Mr. Balls-Suarez asserts that Dennis "didn't want any women there and got rid of every woman that worked there." *Id*.  Mr. Balls-Suarez states that when he started with Waste Management, he "was told by all the drivers to stay away from [plaintiff]."  *Id*.  When Mr. Balls-Suarez asked Dennis why, Dennis replied that if he associated with plaintiff, he would have "a sexual harassment case" against him and to "stay away from her."  *Id*.  Mr. Balls-Suarez states that during morning crew meetings, Dennis refused to answer any of plaintiff's questions or concerns.

---

[4] Plaintiff submits several documents with her amended complaint, including a (1) "witness statement" from Antonio Balls-Suarez; (2) January 25, 2019, New York State Workers' Compensation Board Notice of Treatment; (3) January 3, 2022, Waste Management Safety Employee Disciplinary Report; and (4) a screenshot of text messages from Winowski purportedly demonstrating that she did not receive any message from him on January 13, 2022.  *See* Dkt. No. 9.  Plaintiff's complaint references video evidence submitted as part of Exhibit O.  *See* Dkt. Nos. 8, 9.  However, Exhibit O consists of two written statements from Dennis and Glass.  *See* Dkt. No. 9 at 19-20.

[5] The undersigned observes that Mr. Balls-Suarez's statement is not signed, notarized, nor affirmed under the penalty of perjury.  *See* Dkt. No. 9 at 1.  Further, plaintiff does not explain the method by which Mr. Balls-Suarez communicated his statement to her.  *See generally* Dkt. Nos. 8, 9.

*See id*.  When Dennis did answer plaintiff's questions, "it was very rude and sexist."  *Id*.
According to Mr. Balls-Suarez, Dennis believed that plaintiff "was lazy and didn't like to do
her job."  *Id*.  Mr. Balls-Suarez claims that he never had any issues with plaintiff "until
[Dennis] wanted me to set her up so he can get a paper trail on her."  *Id*.  "Dennis treated
[plaintiff] like the dirt on the ground," and "Human Resources has several complaints on
[Dennis] and never did anything about the issues."  *Id*.

### 1.  **Waste Management**

As discussed in the August 26, 2025, Report-Recommendation & Order, at the
pleadings stage, "[f]or employment discrimination claims under Title VII or the NYSHRL, a
plaintiff must 'plausibly allege that (1) the employer took adverse action against [her] and
(2) [her] . . . sex . . . was a motivating factor in the employment decision.'"  *Farmer v. Shake
Shack Enters., LLC*, 473 F. Supp. 3d 309, 324 (S.D.N.Y. 2020) (quoting *Vega v.
Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015)); Dkt. No. 5 at 10.  "A
plaintiff may do this by 'alleging facts that directly show discrimination or facts that indirectly
show discrimination by giving rise to a plausible inference of discrimination.'"  *Id*.

Here, plaintiff alleged that she suffered from multiple adverse employment actions,
including Waste Management passing her over for promotions and ultimately terminating
her because of her sex/gender.  *See* Dkt. No. 8 at 2-4; *Robinson v. Dibble*, 613 F. App'x 9,
12 (summary order) (2d Cir. 2015) (noting the plaintiff's termination constituted an "adverse
employment action"); *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001) (noting "being
denied a promotion" is an adverse employment action); *see also Farmer*, 473 F. Supp. 3d
at 324 (quoting *Vega*, 801 F.3d at 87).  Plaintiff supports her claim that the adverse
employment actions were motivated by her gender with Mr. Balls-Suarez's statement that

Dennis "didn't want any women [at Waste Management]," "got rid of every woman that worked there," and told the male drivers to stay away from plaintiff because they would be accused of sexual harassment.  Dkt. No. 9 at 1.

The undersigned concludes that plaintiff's allegations – with corroboration from Mr. Balls-Suarez's statement – regarding Waste Management's conduct gives rise to "an inference of discrimination" based on her gender.  *Pitter*, 2020 WL 8474858, at *6 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015)) ("An inference of discrimination can arise from circumstances including, but not limited to . . . the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge.").  Accordingly, the undersigned recommends that plaintiff's Title VII and NYSHRL gender discrimination claims against Waste Management survive Section 1915 review.[6]

## 2.  Individual Defendants

### a.  Title VII

Plaintiff seeks to add Winowski and Crom as defendants.  *See* Dkt. No. 8 at 2. However, as stated in the August 26, 2025, Report-Recommendation & Order, "[t]o the extent that plaintiff asserts her Title VII claims against the individual defendants, such claims must be dismissed because 'individuals are not subject to liability under Title VII.'" *Pitter*, 2020 WL 8474858, at *5 (quoting *Patterson,* 375 F.3d at 221); Dkt. No. 5 at 12. Accordingly, it is recommended that plaintiff's Title VII claims, insofar as asserted against Winowski and Crom, be dismissed with prejudice and without leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  *See Terpening v. McGinty*, No. 1:21-CV-1215

---

[6] The undersigned makes no conclusion as to whether such claim could survive a properly-filed and supported dispositive motion.

(GTS/CFH), 2022 WL 2657291, at *7 (N.D.N.Y. Apr. 28, 2022), *report and recommendation adopted,* No. 1:21-CV-1215 (GTS/CFH), 2022 WL 2115265 (N.D.N.Y. June 13, 2022) (quoting *Golden v. Syracuse Reg'l Airport Auth.*, No. 5:20-CV-1566 (MAD/TWD), 2021 WL 485731, at *1 (N.D.N.Y. Feb. 10, 2021) (quoting *Patterson v. Cty. of Oneida, New York*, 375 F.3d 206, 221 (2d Cir. 2004))) ("A plaintiff's Title VII claims against [ ] individual [d]efendants must be dismissed with prejudice . . . because individuals are not subject to liability under Title VII.") (internal quotation marks omitted).

### b. **NYSHRL**

As discussed in the August 26, 2025, Report-Recommendation & Order, claims of gender discrimination "[u]nder the NYSHRL, individual liability attaches where an employee is shown to have an ownership interest or any power to do more than carry out personnel decisions made by others . . . essentially . . . the authority to hire or fire people." Dkt. No. 5 at 13-14 (quoting *Zheng v. Gen. Elec. Co.*, No. 1:15-CV-1232 (TJM/CFH), 2015 WL 7421961, at *3 (N.D.N.Y. Oct. 26, 2015), *report and recommendation adopted,* No. 1:15-CV-1232 (TJM/CFH), 2015 WL 7430046 (N.D.N.Y. Nov. 20, 2015) (quoting *Pellegrini v. Sovereign Hotels, Inc.*, 740 F. Supp.2d 344, 355 (quoting *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995))), *abrog. on other grounds, Burlington Indust., Inc. v. Ellerth,* 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998))) (internal quotation marks omitted). The September 22, 2025, Order on Report & Recommendation afforded plaintiff an opportunity to amend to potentially raise a NYSHRL gender discrimination claim by demonstrating that Dennis, Glass, Bender, and/or Mazzelli had the authority to hire and fire employees at Waste Management. *See* Dkt. No. 6 at 6. However, plaintiff's amended complaint fails to include any allegation regarding Glass, Bender,

Mazzelli, Winowski, or Crom's authority to hire and fire employees. *See generally* Dkt. Nos. 8, 9. As the August 26, 2025, Report-Recommendation & Order advised plaintiff of the requirements necessary to plead gender discrimination under the NYSHRL against individual defendants and her amended complaint fails to indicate that any of the individual defendants listed above had the authority to hire and fire employees,[7] the undersigned recommends dismissing plaintiff NYSHRL gender discrimination claims against Glass, Bender, Mazzelli, Winowski, and Crom with prejudice and without opportunity to amend. *See Zheng*, 2015 WL 7421961, at *3.

Regarding Dennis, reading the amended complaint liberally and with special solicitude, it appears that he had the authority to hire and fire employees at Waste Management. *See* Dkt. Nos. 8, 9. This conclusion is based on plaintiff's assertion that Dennis had the authority to send her home from work and write her up for insubordination, and Mr. Balls-Suarez's statements that Dennis "didn't want any women there and *got rid of* every woman that worked there," and Dennis wanted him to set up plaintiff "so he [could] get a paper trail on her." Dkt. No. 9 at 1 (emphasis added); *see* Dkt. No. 8 at 2; *see also Zheng*, 2015 WL 7421961, at *3 (explaining that under the NYSHRL, individual liability attaches when an employee has the authority to hire and fire).

The August 26, 2025, Report-Recommendation & Order, also discussed how, in June 2019, the New York State Legislature amended the NYSHRL to allow the pleading standards to more closely align with the New York City Human Rights Law ("NYCHRL").

---

[7] The undersigned notes that plaintiff lists the defendants' job titles as follows: Glass, Bender, and Mazzelli are managers, Winowski is a dispatcher, and Crom is an "[e]mployee promoted over plaintiff." Dkt. No. 8 at 1-2. Reading plaintiff's amended complaint liberally and affording her due solicitude, the undersigned concludes that at least as to Winowski and Crom, her amended complaint does not suggest the authority to hire and fire other employees at Waste Management. Plaintiff's identification of Glass, Bender, and Mazzelli as managers, without more, is also insufficient to demonstrate that they had hiring or firing authority.

*See* Dkt. No. 5 at 15-17; *see also Herrera v. Syracuse Univ.*, No. 5:24-CV-245 (AMN/ML), 2025 WL 874734, at *15 (N.D.N.Y. Mar. 20, 2025) (quoting *Livingston v. City of New York*, 563 F. Supp. 3d 201, 232 n.14 (S.D.N.Y. 2021)); *Qorrolli v. Metro. Dental Assocs.*, 124 F.4th 115, 122-23 (2d Cir. 2024) (citing N.Y. Exec. Law § 300).  Under the pre-amendment standard, in order to plead an "employment discrimination claim[] under  . . . the NYSHRL, a plaintiff must 'plausibly allege that (1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision.'"  *Farmer*, 473 F. Supp. 3d at 324 (quoting *Vega*, 801 F.3d at 87).  As stated before, "[a] plaintiff may do this by 'alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination.'"  *Id.* (quoting *Vega*, 801 F.3d at 87).  Under the post-amendment standard, "the plaintiff need only show differential treatment – that she is treated less well – because of a discriminatory intent."  *Herrera*, 2025 WL 874734, at *15 (quoting *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (citing *Williams v. N.Y.C. Hous. Auth.*, 61 A.D. 3d 62, 77 (1st Dept. 2009))) (internal quotation marks omitted).

The law in this area is currently unsettled, leading courts within the Second Circuit to analyze NYSHRL employment discrimination claims under both standards, treating them as "coextensive."  *Ricciardo v. NYU Hosps. Ctr.*, No. 22-CV-4952 (MKB), 2025 WL 2208371, at *25 (E.D.N.Y. Aug. 4, 2025) (additional citations omitted) ("[T]he Second Circuit has noted that the New York Court of Appeals has constru[ed] the NYSHRL and NYCHRL claims together in [a]pplying the mandate to interpret these laws broadly, and lower courts have treated NYSHRL and NYCHRL claims as coextensive.");  *Herrera*, 2025 WL 874734, at *15 ("While Second Circuit courts are currently split over the extent to which

NYSHRL standards should be equated with NYCHRL standards, New York state courts have recently treated the two as coextensive.") (additional citations omitted).

As to the merits of plaintiff's NYSHRL employment discrimination claim, plaintiff's amended complaint suggests that Dennis' decision to fire her was motivated by her gender and "discriminatory intent." *Herrera*, 2025 WL 874734, at *15; *Farmer*, 473 F. Supp. 3d at 324; Dkt. No. 8 at 2-3; Dkt. No. 9 at 1. Therefore, the undersigned concludes that, whether applying either the pre-amendment or post-amendment pleading standard, at this early stage, plaintiff has sufficiently pled a prima facie NYSHRL gender discrimination claim against Dennis.[8]  *See Herrera*, 2025 WL 874734, at *15; *see Farmer*, 473 F. Supp. 3d at 324.    Accordingly, the undersigned recommends that plaintiff's NYSHRL gender discrimination claim against Dennis survive § 1915 review.[9]

### C.  Title VII and NYSHRL Retaliation

Plaintiff alleges that Waste Management retaliated against her for reporting workplace safety issues and discriminatory conduct.  *See generally* Dkt. No. 8.  As stated in the August 26, 2025, Report-Recommendation & Order, to plead a prima facie Title VII retaliation claim "the plaintiff must plausibl[y] allege that: (1) defendants discriminated – or took an adverse employment action – against [her]; (2) 'because' [she] has opposed any unlawful employment practice."  *Krul v. Brennan*, 501 F. Supp. 3d 87, 99 (N.D.N.Y. 2020) (quoting *Vega*, 801 F.3d at 90).  "In the context of a retaliation claim, an adverse employment action is any action that could well dissuade a reasonable worker from making or supporting a charge of discrimination."  *Id*. (quoting *Vega*, 801 F.3d at 90) (internal

---

[8] As plaintiff's amended complaint satisfies the stricter requirements of the pre-amendment NYSHRL standards, it is not necessary to separately analyze plaintiff's claim under the post-amendment standard.
[9] *See supra* n.6.

quotation marks and additional citation omitted)).  "As for causation, a plaintiff must plausibly plead a connection between the act and [her] engagement in protected activity." *Id*., at 100 (quoting *Vega*, 801 F.3d at 90 (citing 42 U.S.C. § 2000e-3(a))).  "[R]elevant here[,] a plaintiff engages in protected activity when she (1) opposes employment practices prohibited under Title VII; (2) makes a charge of discrimination; or (3) participates in an investigation, proceeding or hearing arising under Title VII." *Jacobs v. Hudson Valley Fam. Physicians, PLLC*, 725 F. Supp. 3d 235, 247 (N.D.N.Y. 2024) (quoting *Davis v. NYS Dept. of Corr. Attica Corr. Facility*, 110 F.Supp.3d 458, 462 (W.D.N.Y. 2015) (quoting *Bundschuh v. Inn on the Lake Hudson Hotels, LLC*, 914 F. Supp. 2d 395, 405 (W.D.N.Y. 2012))) (internal quotation marks omitted); *see also Stathatos v. Gala Res., LLC*, No. 06 CIV. 13138 (RLC), 2010 WL 2024967, at *12 (S.D.N.Y. May 21, 2010) (citing 42 U.S.C. § 2000e-3(a)) ("Protected activity is that which opposes unlawful employment practices under Title VII.").  "Protected activities can also include informal protests of discriminatory employment practices, including making complaints to management provided that they are sufficiently specific to make it clear that the employee is complaining about conduct prohibited by Title VII." *Id*. (quoting *Arkorful v. N.Y.C. Dept. of Educ.*, 712 F. Supp. 3d 336, 356 (E.D.N.Y. Jan. 24, 2024) (quoting *Risco v. McHugh*, 868 F. Supp. 2d 75, 110 (S.D.N.Y. 2012)) (internal quotation marks omitted).

Under the NYSHRL, following the 2019 amendment, a plaintiff asserting retaliation "must demonstrate that she took an action opposing her employer's discrimination and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Qorrolli*, 124 F.4th at 122 (quoting *Mihalik*, 715 F.3d at 112) (internal quotation marks omitted).  Under the post-amendment standard,

demonstrating causation "only requires that the protected activity be a 'motivating factor' in the adverse action, and not its 'but-for' cause, as would be required under federal law." *Ronen v. RedRoute, Inc.*, 763 F. Supp. 3d 319, 333-34 (E.D.N.Y. 2025) (first quoting *Lee v. Riverbay Corp.*, 751 F. Supp. 3d 259, 284 (S.D.N.Y. 2024) (citing *Mihalik*, 715 F.3d at 112); then citing *Chin v. N.Y.C. Dep't of Corr.*, No. 23-CV-5268 (AMD/JAM), 2024 WL 2258033, at *3 (E.D.N.Y. May 17, 2024))).  However, "a defendant is not liable if the plaintiff fails to prove the conduct is caused at least in part by discriminatory or retaliatory motives.'" *Id*. (quoting *Mihalik*, 715 F.3d at 113); *see Forrester v. Corizon Health, Inc.*, 752 F. App'x 64, 66 (2d Cir. 2018) (summary order) (same).

Liberally read, plaintiff's amended complaint alleges that because she is a woman, her driving route was "changed to one with increased safety risks," and that when she repeatedly raised these safety issues to her direct supervisor and managers, Dennis, Mazzelli, and Bender ignored her, and she was forced to continue driving the more dangerous route.  Dkt. No. 8 at 1-2.  On a separate occasion, after plaintiff reported that her truck was unsafe to drive, "Dennis gave [her] an ultimatum: either drive to another branch to retrieve a spare truck or go home – despite a spare truck being available at her location.  When [she] chose to go home, she was written up for insubordination."  *Id*. Plaintiff asserts that she was "ultimately terminated in retaliation for raising concerns about discriminatory treatment and unsafe practices."[10]  *Id*. at 3.

The undersigned concludes that, at this early stage, plaintiff has sufficiently pled that she was both discriminated against and suffered an adverse employment action

---

[10] The undersigned observes that complaining about unsafe working conditions and practices, alone, does not constitute protected activity under either Title VII or the NYSHRL.  *See Krul*, 501 F. Supp. 3d at 99 (quoting *Vega*, 801 F.3d at 90); *Qorrolli*, 124 F.4th at 122 (quoting *Mihalik*, 715 F.3d at 112).

because she complained of and opposed the unsafe working conditions that she was subjected to because she is a woman.  *See Krul*, 501 F. Supp. 3d at 99 (quoting *Vega*, 801 F.3d at 90); *see Paupaw-Myrie v. Mount Vernon City Sch. Dist.*, 653 F. Supp. 3d 80, 101 (S.D.N.Y. 2023) (quoting *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14-15 (2d Cir. 2013) (*per curiam*) ("An employee's complaint qualifies as protected activity so long as the employee has a good faith, reasonable belief (assessed in light of the totality of the circumstances) that the employee was 'opposing an employment practice made unlawful by Title VII.'").  Accordingly, the undersigned recommends that plaintiff's Title VII and NYSHRL retaliation claims[11] against Waste Management survive § 1915 review.[12]

### D.  **NYSHRL Hostile Work Environment**

#### 1.  **Waste Management**

Plaintiff alleges that Waste Management created a hostile work environment.  *See* Dkt. No. 8 at 4.  **"**Historically, a hostile work environment claim under the NYSHRL required a showing [1] that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and [2] that a specific basis exists for imputing the objectionable conduct to the employer.**"** *Johnson v. Stop & Shop Supermarket Co., LLC*, No. 22-CV-9691 (KMK), 2024 WL 1217074, at *13 (S.D.N.Y. Mar. 21, 2024) (quoting *Alfano v. Costello*, 294 F.3d 365, 373

---

[11] *See supra* n.6.

[12] As plaintiff's amended complaint satisfies the more stringent Title VII pleading standard, there is no need to analyze her retaliation claim under the more liberal pleading standard set forth in the NYSHRL.  *See Farah v. Emirates & Emirates Severance Plan*, 728 F. Supp. 3d 290, 301 (S.D.N.Y. 2024) ("Given that Title VII has stricter pleading requirements than either the State or City laws, if Plaintiffs adequately state a claim under Title VII, they necessarily state a claim under both NYSHRL and NYCHRL.").

(2d Cir. 2002) (quoting *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997)))
(internal quotation marks omitted). As discussed above, the NYSHRL was amended in
2019 "to eliminate the 'severe or pervasive' requirement in favor of a more lenient standard
of liability." *Id*. (quoting *Mayorga v. Greenberg*, No. 22-CV-387, 2023 WL 6307994, at *8
(E.D.N.Y. Sept. 28, 2023); *see McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51,
68 (S.D.N.Y. 2020) (quoting N.Y. Exec. Law § 300). Under the updated standard, "plaintiffs
need to show only that they were subjected to inferior terms, conditions, or privileges of
employment *because of [their] membership in one or more protected categories.*" *Id*.
(quoting *Tortorici v. Bus-Tev, LLC*, No. 17-CV-7507, 2021 WL 4177209, at *13 (S.D.N.Y.
Sept. 14, 2021)).

"An employer's liability for a hostile work environment claim depends on whether
the underlying harassment is perpetrated by the plaintiff's supervisor or a non-supervisory
coworker." *Maiurano v. Cantor Fitzgerald Sec.*, No. 19 CIV. 10042 (KPF), 2021 WL 76410,
at *5 (S.D.N.Y. Jan. 8, 2021) (citing *Wiercinski v. Mangia 57, Inc.*, 787 F.3d 106, 113 (2d
Cir. 2015)). "When the offending employee is a non-supervisory coworker, 'an employer's
vicarious liability depends on the plaintiff showing that the employer knew (or reasonably
should have known) about the harassment but failed to take appropriate remedial action.'"
*Id*. (quoting *Petrosino v. Bell Atl.*, 385 F.3d 210, 225 (2d Cir. 2004)).

> If, however, harassment is perpetrated by a supervisor within the meaning
> of Title VII, the employer is strictly liable, unless the employer is able to
> establish an affirmative defense showing that it exercised reasonable care
> to prevent and correct any harassing behavior and that the plaintiff
> unreasonably failed to take advantage of any preventive or corrective
> opportunities provided by the employer to avoid harm otherwise.

*Maiurano*, 2021 WL 76410, at *5 (quoting *Wiercinski*, 787 F.3d at 113 (internal quotation
marks omitted).

Plaintiff's amended complaint alleges that, because she is a female, she was (1) forced to use unsafe equipment and work in an unsafe work environment, (2) passed over for promotions in favor of less-qualified male coworkers, and (3) "repeatedly harassed, including being present when Mr. Dennis relieved himself between buildings, being verbally assaulted by a male employee, and being denied access to safe restroom facilities." Dkt. No. 8 at 2-3. Out of an abundance of caution and deference to plaintiff pro se, the undersigned determines that the amended complaint also alleges that Dennis and Glass made false statements about her conduct, at least arguably suggesting that they did so because she is a woman. *See id*. at 3; Dkt. No. 9 at 19-20.

As discussed above, it appears that Dennis was plaintiff's supervisor at Waste Management, while Glass may have been in a nonsupervisory position. *See supra* at 10; *Maiurano*, 2021 WL 76410, at *5 (quoting *Wiercinski*, 787 F.3d at 113). As such, if the allegations are proven, Waste Management may be held (1) strictly liable for Dennis' conduct; and (2) vicariously liable for Glass' conduct, if plaintiff can demonstrate that Waste Management knew or should have known about Glass' conduct. *See Maiurano*, 2021 WL 76410, at *5 (quoting *Petrosino*, 385 F.3d at 225). The undersigned concludes that, at this early stage, plaintiff has sufficiently pled that she was "subjected to inferior terms, conditions, or privileges of employment" because of her membership in a protected class. *Johnson,* 2024 WL 1217074, at *13. Accordingly, the undersigned recommends that plaintiff's NYSHRL hostile work environment claim against Waste Management survive Section1915 review.[13]

## 2. **Aiding and Abetting**

---

[13] *See supra* n.6.

Although plaintiff does not use the language "aiding and abetting" in her amended complaint, applying special solicitude, because plaintiff may only proceed against the individual defendants under the NYSHRL under an aiding and abetting theory of liability, the undersigned next addresses whether plaintiff has sufficiently pled that Dennis and Glass aided and abetted Waste Management in creating a hostile work environment.  The Second Circuit "'recognizes a cause of action against individual employee perpetrators under Section 296(6) of the [NYSHRL]' where a plaintiff has sufficiently alleged a violation of the NYSHRL by the employer."  *Trapani v. Freeport Pub. Sch. Dist.*, No. 24-CV-3005 (JS/SIL), 2025 WL 2306658, at *7 (E.D.N.Y. May 2, 2025), *report and recommendation adopted,* No. 24-CV-3005 (JS)(SIL), 2025 WL 1812324 (E.D.N.Y. July 2, 2025) (quoting *Lee*, 751 F. Supp. 3d at 290); *see Pellegrini v. Sovereign Hotels, Inc.,* 740 F.Supp.2d 344, 356 (N.D.N.Y. 2010) ("Importantly, since it is the employer's participation in the discriminatory practice which serves as the predicate for the imposition of liability on others for aiding and abetting, a plaintiff cannot prevail against an individual on her state . . . claims unless she can first establish the liability of her employer.") (citations omitted).

"Under a theory of aiding and abetting, it is unlawful for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [the NYSHRL], or to attempt to do so."  *Milner-Koonce v. Albany City Sch. Dist.*, No. 1:21-CV-1271 (LEK/CFH), 2023 WL 3748831, at *6 (N.D.N.Y. June 1, 2023) (quoting *Livingston*, 563 F. Supp. 3d at 256 (quoting N.Y. Exec. Law § 296(6))) (internal quotation marks omitted).  "The Second Circuit has held that 'this language allow[s] a co-worker who actually participates in the conduct giving rise to a discrimination claim to be held liable under the NYSHRL . . . .'"  *Id.* (quoting *Livingston*, 563 F. Supp. 3d at 256) (quoting *Feingold v. New York*, 366 F.3d 138,

158 (2d Cir. 2004)); *Johnson v. Cnty. of Nassau*, 82 F. Supp. 3d 533, 536 (E.D.N.Y. 2015) (citation omitted) ("[A] plaintiff may succeed in a claim under the NYSHRL by showing the employer entity's having encouraged, condoned, or approved the discriminatory conduct of a sole employee – the same discriminatory conduct which then, perhaps 'circular[ly]', proves individual liability under the aiding and abetting provision of Section 296(6)."); *Tully-Boone v. N. Shore-Long Island Jewish Hosp. Sys.*, 588 F. Supp. 2d 419, 427 (E.D.N.Y. 2008) (citation omitted) (noting that aiding and abetting "creates a strange and confusing circularity where the person who has directly perpetrated the [unlawful discrimination] only becomes liable through the employer whose liability in turn hinges on the conduct of the direct perpetrator").  "A supervisor's failure to take adequate remedial measures in response to a complaint of discrimination has been deemed 'actual participation' under NYSHRL § 296(6)."  *Id.* (quoting *Imperato v. Otsego Cnty. Sheriff's Dep't*, No. 3:13-CV-1594 (BKS/DEP), 2016 WL 1466545, at *28 (N.D.N.Y. Apr. 14, 2016)).  "The same principle applies to . . . hostile work environment claim[s] . . . ."  *Id.* (quoting *Imperato*, 2016 WL 1466545, at *28).

Here, plaintiff alleges that Dennis "instruct[ed] male employees to avoid [her] or risk being accused of sexual harassment," "reliev[ed] himself" in plaintiff's presence, allowed plaintiff to be "verbally assaulted by a male employee," "den[ied] [plaintiff] access to safe restroom facilities," falsely accused plaintiff "of stealing company time," and "forc[ed] [plaintiff] to accept changes that endangered her safety and job security."  Dkt. No. 8 at 2-3.  The undersigned concludes that plaintiff's amended complaint could support an inference that Dennis incited, "encouraged, condoned, [and] approved the discriminatory conduct," and actually participated insofar as he failed to "take adequate remedial

measures in response to a complaint of discrimination." *Milner-Koonce*, 2023 WL 3748831, at *6; *see generally* Dkt. Nos. 8, 9. Similarly, the amended complaint could support an inference that Glass actually participated in, or aided and abetted, a hostile work environment by making false statements regarding the confrontation between plaintiff and Dennis. *Id*; *see* Dkt. Nos. 8, 9 at 20. Therefore, at this early stage, the undersigned concludes that plaintiff has sufficiently pled that Dennis and Glass aided and abetted Waste Management's alleged creation of a hostile work environment.[14] *See Milner-Koonce*, 2023 WL 3748831, at *6. Accordingly, the undersigned recommends that plaintiff's amended complaint be read as raising NYSHRL aiding and abetting a hostile work environment claims against Dennis and Glass, and that such claims survive § 1915 review.[15]

### E. **Abandoned Claims**

Plaintiff's original complaint sought to raise claims for breach of contract against Waste Management and defamation against Dennis and Glass under New York State law. *See* Dkt. No. 1 at 4. The Court afforded plaintiff an opportunity to amend to (1) argue whether equitable tolling applies, such that her defamation claim is not barred by one-year the statute of limitations; and (2) provide a copy of the contract or additional details about the contract terms she alleged to have been breached. *See* Dkt. No. 6 at 5-6. Plaintiff's amended complaint does not reallege any breach of contract or defamation claim against any defendant, explain why she should be afforded equitable tolling, or mention such

---

[14] The undersigned makes clear that in so recommending, it is acknowledged that an aiding and abetting claim against Dennis or Glass could only succeed if plaintiff demonstrates that Waste Management created hostile work environment. The undersigned makes no findings on whether either claim will be able to survive a properly-filed and supported dispositive motion.

[15] *See supra* n.6.

claims in any way.  *See generally* Dkt. Nos. 8, 9.  Accordingly, the undersigned recommends that these claims be deemed abandoned.  *See Zheng*, 2016 WL 11477390, at *5 (deeming abandoned the pro se plaintiff's claims that were not realleged in an amended pleading).

### III.  **Leave to Amend**

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Gerken v. Gordon*, No. 1:24-CV-00435 (MAD/CFH), 2024 WL 4608307, at *15 (N.D.N.Y. Oct. 29, 2024), *report and recommendation adopted,* No. 1:24-CV-435 (MAD/CFH), 2024 WL 5001402 (N.D.N.Y. Dec. 6, 2024), *aff'd,* No. 24-3336, 2025 WL 2847429 (2d Cir. Oct. 8, 2025) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014)).  "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'"  *Id.* (citing *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Here, plaintiff was already afforded an opportunity to amend.  *See* Dkt. No. 6. Plaintiff's amended compliant does not allege that Glass, Bender, Mazzelli, Winowski, or Crom had the authority to hire and fire employees at Waste Management, as required to set forth a NYSHRL gender discrimination claim.  Plaintiff abandoned her New York state law defamation and breach of contract claims.  Accordingly, it is recommended that plaintiff's (1) Title VII and NYSHRL gender discrimination claims against Waste Management; (2) NYSHRL gender discrimination claim against Dennis; (3) Title VII and NYSHRL retaliation claims against Waste Management; (4) NYSHRL hostile work

environment claim against Waste Management; and (5) NYSHRL aiding and abetting a hostile work environment claims against Dennis and Glass survive § 1915 review and be permitted to proceed.   It is also recommended that plaintiff's (1) Title VII gender discrimination claims against Winowski and Crom; NYSHRL gender discrimination claims against Glass, Bender, Mazzelli, Winowski, and Crom; and (2) New York state law defamation and breach of contract claims be dismissed with prejudice and without opportunity to amend.  *See Murrey v. BrandYourself.com, Inc.*, No. 21-CV-320 (AT) (JLC), 2022 WL 4395808, at *4 (S.D.N.Y. Sept. 23, 2022), *report and recommendation adopted,* No. 21. CIV. 320 (AT) (JLC), 2023 WL 1780806 (S.D.N.Y. Feb. 6, 2023) (citing *Porter v. Gummerson*, No. 04-CV-988 (TJM/DRH), 2007 WL 446026, at *5 (N.D.N.Y. Feb. 8, 2007) (dismissing the pro se plaintiff's abandoned claims with prejudice).

## IV. **Conclusion**

**WHEREFORE**, for the reasons set forth herein, it is hereby

**RECOMMENDED**, that insofar as plaintiff seeks to proceed against Winowski and Crom under Title VII for gender discrimination (Dkt. No. 8), such claims be **DISMISSED with prejudice and without leave to amend**; it is further

**RECOMMENDED**, that insofar as plaintiff seeks to proceed against Glass, Bender, Mazzelli, Winowski, and Crom under the NYSHRL for gender discrimination (Dkt. No. 8), such claims be **DISMISSED with prejudice and without leave to amend**; it is further

**RECOMMENDED**, that plaintiff's New York State law for defamation and breach of contract claims be deemed abandoned and **DISMISSED with prejudice and without leave to amend**; it is further

22

**RECOMMENDED**, that plaintiff's claims for (1) gender discrimination against Waste Management under Title VII and the NYSHRL; (2) gender discrimination against Dennis under the NYSHRL; (3) retaliation against Waste Management under Title VII and the NYSHRL; (4) hostile work environment against Waste Management under the NYSHRL; and (5) aiding and abetting a hostile work environment against Dennis and Glass under the NYSHRL be permitted to survive Section 1915 review; it is further

**RECOMMENDED**, that should the District Judge adopt this Report-Recommendation & Order, the District Judge direct this matter to the Clerk for service of the amended complaint and summonses upon defendants or return this matter to the Magistrate Judge to initiate such service; and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[16]

Dated:  December 1, 2025
Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge

---

[16] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *Id.* § 6(a)(1)(c).