**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MARY-ROSE F. CALENZO,

                          Plaintiff,

          v.                                              1:24-cv-01499 (AMN/PJE)

WASTE MANAGEMENT, INC., et al.,

                          Defendants.

---

**APPEARANCES:**

**MARY-ROSE F. CALENZO**
553 Coyote Circle
Midway Park, North Carolina 28544
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

### I.    INTRODUCTION

On December 10, 2024, Plaintiff *pro se* Mary-Rose F. Calenzo, commenced this action against her former employer, Waste Management, Inc. ("Waste Management"), and her former coworkers, James Dennis, Michael Glass, Raymond Bender, and Joseph Mazzelli (collectively, the "Individual Defendants"), alleging claims of discrimination and related state law claims. *See* Dkt. No. 1 ("Complaint").

This matter was referred to United States Magistrate Judge Paul J. Evangelista, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e), and on August 26, 2025, recommended that (i) Plaintiff's Title VII claims against the Individual Defendants be dismissed with prejudice; (ii) Plaintiff's Title VII claim against Waste Management be permitted to proceed; (iii) Plaintiff's unlawful termination, retaliation, and breach of contract claims against Waste Management be

dismissed without prejudice; and (iv) Plaintiff's defamation claim against Defendants Dennis and Glass be dismissed without prejudice.  *See* Dkt. No. 5 at 31-32.[1]  Magistrate Judge Evangelista also recommended that Plaintiff be allowed to amend her Complaint to raise claims of discrimination under the New York State Human Rights Law ("NYSHRL") as against the Individual Defendants.  *Id.* at 32.  On September 22, 2025, the Court adopted the Report-Recommendation in its entirety.  Dkt. No. 6.

On October 16, 2025, Plaintiff filed an Amended Complaint.  Dkt. No. 8.  In her Amended Complaint, Plaintiff adds employees Jess Winowski and Bryan Crom as Defendants, and raises claims under the NYSHRL for gender discrimination, retaliation, and a hostile work environment. *See id.* at 2-4.[2]  Plaintiff also makes additional allegations in support of her claims, including, *inter alia*, that Plaintiff (i) was denied five promotions which were awarded to less qualified male employees, (ii) had unequal access to Company equipment, (iii) was forced to undertake unsafe practices, (iv) faced disciplinary action based on false statements made about her conduct, (v) experienced verbal harassment and degrading treatment by supervisors, and (vi) was "ultimately terminated in retaliation for raising concerns about discriminatory treatment and unsafe practices."

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[2] In light of the special solicitude that is accorded to *pro se* litigants, *see Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994), the Court reads Plaintiff's Amended Complaint to also assert gender discrimination and retaliation claims under Title VII.  "[T]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim."  *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (quoting *Albert v. Carovano*, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (en banc)) (vacating district court's determination that plaintiff asserted discrimination claims only under Title VII, instead of liberally construing the complaint to also assert NYSHRL and New York City Human Rights Law ("NYCHRL") claims).  "Rather, factual allegations alone are what matters."  *Id.* (internal quotation marks and alterations omitted); *see also Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014) ("In evaluating a *pro se* complaint, a court is not limited to the causes of action specified by the plaintiff, but instead must construe it liberally, . . . and must construe it to raise the strongest claims it suggests[.]") (internal quotation marks and citations omitted).

*Id*.  Plaintiff also submitted a statement from Mr. Antonio Balls-Suarez, a former employee at Waste Management, to support her assertions.  *See* Dkt. No. 9 at 1.

This matter was again referred to United States Magistrate Judge Paul J. Evangelista, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e), and on December 1, 2025, recommended that the following claims be dismissed with prejudice and without leave to amend: (i) Plaintiff's Title VII gender discrimination claims against Defendants Winowski and Crom; (ii) Plaintiff's NYSHRL gender discrimination claims against Defendants Glass, Bender, Mazzelli, Winowski, and Crom; and (iii) Plaintiff's state law claims for defamation and breach of contract.  Dkt. No. 11 at 22 ("Report-Recommendation").  Magistrate Judge Evangelista also recommended that the following claims be permitted to proceed: (i) Plaintiff's gender discrimination and retaliation claims under Title VII and the NYSHRL against Waste Management; (ii) Plaintiff's gender discrimination claim under the NYSHRL against Defendant Dennis; (iii) Plaintiff's hostile work environment claim under the NYSHRL against Waste Management; and (iv) Plaintiff's claims against Defendants Dennis and Glass for aiding and abetting an abusive work environment under the NYSHRL.  *Id.* at 23.  Magistrate Judge Evangelista advised that pursuant to 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id*.  Plaintiff submitted that she had no objections to the Report-Recommendation.  *See* Dkt. No. 12 at 1.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). "A complaint filed *pro se* "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "This is particularly so when the *pro se* plaintiff alleges that her civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

4

## III.    DISCUSSION

Because Plaintiff has not filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

First, Magistrate Judge Evangelista recommended that Plaintiff's Title VII claims against Defendants Winowski and Crom be dismissed with prejudice because "individuals are not subject to liability under Title VII."  Dkt. No. 11 at 8-9 (quoting *Pitter v. Target Corp.*, No. 20-cv-183, 2020 WL 8474858, at *5 (N.D.N.Y. Sept. 1, 2020) (citation omitted)).

Second, Magistrate Judge Evangelista recommended that Plaintiff's gender discrimination claims under the NYSHRL as against Defendants Glass, Bender, Mazzelli, Winowski, and Crom be dismissed with prejudice.  *Id.* at 10.  Magistrate Judge Evangelista found that Plaintiff's Amended Complaint fails to indicate whether any of these Defendants have the authority to independently hire or fire personnel.  *Id.* (citing *Zheng, v. Gen. Elec. Co.*, No. 15-cv-1232, 2015 WL 7421961, at *3 (N.D.N.Y. Oct. 26, 2015) ("Under the NYSHRL, individual liability attaches where an employee . . . [has] the authority to hire or fire people.") (internal quotation marks and citations omitted), *report and recommendation adopted*, 2015 WL 7430046 (N.D.N.Y. Nov. 20, 2015)); *see also Mallett v. Town of Huntington*, No. 24-cv-5463, 2025 WL 2630387, at *7 (E.D.N.Y. Sept. 12, 2025) (denying leave to amend complaint when further amendment "is unlikely to be productive") (quoting *Yerdon v. Henry*, 91 F.3d 370, 378 (2d Cir. 1996)).

Third, Magistrate Judge Evangelista recommended that Plaintiff's breach of contract and defamation claims be deemed abandoned because the Amended Complaint does not (i) reallege breach of contract or defamation claims against any Defendant, (ii) argue whether equitable tolling applies such that any alleged defamation claim is not barred by the statute of limitations, or (iii) provide a copy of the contract or additional details about the contract terms alleged to have been

5

breached.  Dkt. No. 11 at 20-21 (citing, *inter alia*, Dkt. No. 6 at 5-6; *Zheng v. Gen. Elec. Co.*, No. 15-cv-1232, 2016 WL 11477390, at *5 (N.D.N.Y. Apr. 21, 2016), *report and recommendation adopted sub nom.*, 2016 WL 2636297 (N.D.N.Y. May 9, 2016)); *see also Porter v. Gummerson*, No. 04-cv-988, 2007 WL 446026, at *5 (N.D.N.Y. Feb. 8, 2007) (dismissing *pro se* plaintiff's abandoned claims with prejudice).

Fourth, Magistrate Judge Evangelista recommended that Plaintiff's gender discrimination and retaliation claims under Title VII and NYSHRL against Waste Management be permitted to proceed.  Dkt. No. 11 at 8, 15.  Magistrate Judge Evangelista found that Plaintiff alleged facts that give rise to a plausible inference of discrimination based on her gender, *see id.* at 8 (citations omitted), by alleging that she suffered multiple adverse employment actions because of her gender, including being passed over for promotions and ultimately being terminated, *see id.* at 7-8 (citing, *inter alia*, Dkt. No. 8 at 2-4), and by supporting her allegations with statements from Mr. Balls-Suarez.  *See id.* (citing Dkt. No. 9 at 1).  Magistrate Judge Evangelista also concluded that Plaintiff sufficiently pled retaliation claims under Title VII and NYSHRL by alleging that her driving route was changed to one with increased safety risks because she is a woman, she was ignored and forced to continue driving the more dangerous route despite raising these safety issues with her direct supervisor and managers, *id.* at 14 (citing Dkt. No. 8 at 1-2), and "she was 'ultimately terminated in retaliation for raising concerns about discriminatory treatment and unsafe practices.'"  *Id.* (quoting Dkt. No. 8 at 3).

Fifth, Magistrate Judge Evangelista recommended that Plaintiff's gender discrimination claim under the NYSHRL against Defendant Dennis be permitted to proceed.  *Id.* at 12.  Magistrate Judge Evangelista concluded that Plaintiff sufficiently pled a *prima facie* claim of gender discrimination.  *Id.* at 10-12 (noting that the NYSHRL pleading standards were amended to align

more closely with the NYCHRL). Magistrate Judge Evangelista found that Plaintiff's Amended Complaint alleges that (i) Dennis had the authority to hire and fire employees at Waste Management, *see id.* at 10 (citing, *inter alia*, Dkt. No. 8 at 2 and Dkt. No. 9 at 1), and that (ii) gender was a motivating factor in Dennis's decision to fire Plaintiff. *See id.* at 12 (citing, *inter alia*, Dkt. No. 8 at 2-3 and Dkt. No. 9 at 1).

Sixth, Magistrate Judge Evangelista recommended that Plaintiff's hostile work environment claim under the NYSHRL against Waste Management be permitted to proceed. *Id.* at 17. Magistrate Judge Evangelista found that Plaintiff "sufficiently pled that she was 'subjected to inferior terms, conditions, or privileges of employment' because of her membership in a protected class." *Id.* (quoting *Johnson v. Stop & Shop Supermarket Co., LLC*, No. 22-cv-9691, 2024 WL 1217074, at *13 (S.D.N.Y. Mar. 21, 2024) (citations omitted)). Specifically, Magistrate Judge Evangelista noted that Plaintiff alleged that she "(1) [was] forced to use unsafe equipment and work in an unsafe work environment, (2) [was] passed over for promotions in favor of less-qualified male coworkers, and (3) [was] 'repeatedly harassed, including being present when Mr. Dennis relieved himself between buildings, being verbally assaulted by a male employee, and being denied access to safe restroom facilities'" because she is a woman. *Id.* at 17 (quoting Dkt. No. 8 at 2-3).

Lastly, Magistrate Judge Evangelista recommended that Plaintiff's claims against Defendants Dennis and Glass for aiding and abetting a hostile work environment be permitted to proceed. *Id.* at 20. Magistrate Judge Evangelista concluded that Plaintiff sufficiently pled that Defendants Dennis and Glass aided and abetted Waste Management's alleged creation of a hostile work environment. *Id.* Specifically, Magistrate Judge Evangelista found that the Amended Complaint could support an inference that Defendant Dennis "incited, 'encouraged, condoned, and

approved the discriminatory conduct,' and actually participated insofar as he [i] failed to 'take adequate remedial measures in response to a complaint of discrimination'" and "[ii] ma[de] false statements regarding the confrontation between [P]laintiff and Dennis." *Id.* at 19-20 (quoting *Milner-Koonce v. Albany City Sch. Dist.*, No. 21-cv-1271, 2023 WL 3748831, at *6 (N.D.N.Y. June 1, 2023) (noting that it is unlawful to "aid, abet, incite, compel or coerce the doing of any of the acts forbidden under the NYSHRL, or to attempt to do so") (internal quotation marks, citations, and brackets omitted)).  Regarding Defendant Glass, Magistrate Judge Evangelista also found that the Amended Complaint could support an inference that Glass "actually participated in, or aided and abetted, a hostile work environment by making false statements regarding the confrontation between [P]laintiff and Dennis." *Id.* at 20 (citing, *inter alia*, Dkt. Nos. 8, 9 at 20).

Having reviewed the Report-Recommendation and considered Magistrate Judge Evangelista's findings as to each claim, the Court finds no clear error in the Report-Recommendation.  Accordingly, the Court adopts the Report-Recommendation in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 11, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Title VII gender discrimination claims against Defendants Winowski and Crom be **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that Plaintiff's NYSHRL gender discrimination claims against Defendants Glass, Bender, Mazzelli, Winowski, and Crom be **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that Plaintiff's defamation and breach of contract claims be deemed abandoned and **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that Plaintiff's gender discrimination and retaliation claims against Waste Management under Title VII and the NYSHRL **be permitted to proceed**; and the Court further

**ORDERS** that Plaintiff's gender discrimination claim against Defendant Dennis under the NYSHRL **be permitted to proceed**; and the Court further

**ORDERS** that Plaintiff's hostile work environment claim under the NYSHRL against Waste Management **be permitted to proceed**; and the Court further

**ORDERS** that Plaintiff's aiding and abetting an abusive work environment claim under the NYSHRL against Defendants Dennis and Glass **be permitted to proceed**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 22, 2025
      Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge