UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARY-ROSE F. CALENZO,

                    Plaintiff,

        v.                                                    1:24-cv-01499 (AMN/PJE)

WASTE MANAGEMENT, INC., *et al.*,

                    Defendants.

---

APPEARANCES:                                          OF COUNSEL:

**MARY-ROSE F. CALENZO**
553 Coyote Circle
Midway Park, North Carolina 28544
Plaintiff *pro se*

**LITTLER MENDELSON, P.C.**                           **JACQUELINE P. POLITO, ESQ.**
80 Linden Oaks – Suite 210                            **JEFFREY C. FASOLDT, ESQ.**
Rochester, New York 14625
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION & ORDER

### I.        INTRODUCTION

On December 10, 2024, Plaintiff *pro se* Mary-Rose F. Calenzo, commenced this action against her former employer, Waste Management, Inc. ("Waste Management" or "Defendant"), and several of her former coworkers alleging claims of discrimination and related state law claims in connection with her employment as a truck driver from March 5, 2018 to January 18, 2022. *See* Dkt. No. 1 ("Complaint"). Presently before the Court is Defendant's motion to dismiss the Amended Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal

Rules of Civil Procedure, *see* Dkt. No. 31, and Plaintiff's motions seeking leave to file a second amended complaint and third amended complaint. Dkt. Nos. 27, 40.

For the reasons set forth below, Defendant's motion to dismiss is granted, Plaintiff's motion seeking leave to file a third amended complaint is granted in part and denied in part, and Plaintiff's motion seeking leave to file a second amended complaint is denied as moot.

## II.    BACKGROUND

### A.    Procedural History

On December 10, 2024, Plaintiff commenced this action by filing a Complaint and an application for leave to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1-2. The Complaint alleged claims of discrimination under Title VII of the Civil Rights Act of 1964, § 701 *et seq.* ("Title VII"), and related state law claims against Waste Management and former coworkers of Plaintiff ("Individual Defendants"). Dkt. No. 1. The matter was referred to United States Magistrate Judge Paul J. Evangelista, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e), and on August 26, 2025, recommended, *inter alia*, that Plaintiff's Title VII claims against Waste Management be permitted to proceed. *See* Dkt. No. 5 at 32.[1] While Magistrate Judge Evangelista recommended dismissing Plaintiff's Title VII claims against the Individual Defendants with prejudice, he also recommended that Plaintiff be allowed to amend her Complaint to raise claims of discrimination under the New York State Human Rights Law ("NYSHRL") against the Individual Defendants. *Id.* at 31-32. On September 22, 2025, this Court adopted the Report-Recommendation in its entirety. Dkt. No. 6.

On October 16, 2025, Plaintiff amended her Complaint. Dkt. No. 8 ("Amended Complaint"). This matter was again referred to Magistrate Judge Evangelista, who reviewed the

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

Amended Complaint pursuant to 28 U.S.C. § 1915(e), and on December 1, 2025, recommended that the following claims be permitted to proceed: (i) Plaintiff's gender discrimination and retaliation claims under Title VII and the NYSHRL against Waste Management; (ii) Plaintiff's gender discrimination claim under the NYSHRL against Defendant James Dennis; (iii) Plaintiff's hostile work environment claim under the NYSHRL against Waste Management; and (iv) Plaintiff's claims for aiding and abetting a hostile work environment under the NYSHRL against Defendants James Dennis and Michael Glass. Dkt. No. 11 at 23. On December 22, 2025, this Court adopted the second Report-Recommendation in its entirety. Dkt. No. 14.

### B.   The Present Motions

On February 27, 2026, Waste Management moved to dismiss the Amended Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. Dkt. No. 31. Specifically, Waste Management argues that the Court lacks general and specific jurisdiction over it. *See generally id.* Plaintiff opposed Defendant's motion to dismiss on March 3, 2026, *see* Dkt. No. 33, and Defendant replied in further support of its motion on March 27, 2026. Dkt. No. 43.[2]  Additionally, Plaintiff sought leave to file a second amended complaint, *see* Dkt. No. 27, as well as a third amended complaint. Dkt. No. 40. Waste Management opposed both of Plaintiff's motions to amend in part. Dkt. Nos. 39, 48.

---

[2] Without seeking leave of Court, Plaintiff filed a sur-reply in further opposition to Waste Management's motion to dismiss, *see* Dkt. No. 45, which this Court declines to consider. The Local Rules of this District do not permit sur-replies, *see* N.D.N.Y. L.R. 7.1(a)(1), and Plaintiff's *pro se* status "does not exempt [her] from compliance with relevant rules of procedural and substantive law." *Brunson v. Knight*, No. 26-cv-133 (AMN/CBF), 2026 WL 1533295, at *2 (N.D.N.Y. June 1, 2026) (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### III.   STANDARD OF REVIEW

#### A.   Motion to Dismiss Pursuant to Rule 12(b)(2)

"When a defendant moves to dismiss a complaint under Rule 12(b)(2) for want of personal jurisdiction, courts must perform a two-part analysis." *Daly v. Francis*, No. 25-cv-143, 2026 WL 221306, at *3 (N.D.N.Y. Jan. 28, 2026) (citation omitted). "First, personal jurisdiction over a defendant must be established under the law of the state where the federal court sits." *Id.* (citation omitted). "Second, if jurisdiction is established under the governing statute, courts must determine whether the exercise of jurisdiction under the relevant state law would violate the defendant's due process rights." *Id.* (citation omitted).

On a Rule 12(b)(2) motion, "the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *In re Tether & Bitfinex Crypto Asset Litig.*, 576 F. Supp. 3d 55, 86 (S.D.N.Y. 2021) (citing *In re Magenetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d. Cir. 2003)). "Unless a court conducts a full-blown evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdiction through its own affidavits and supporting materials to survive a motion to dismiss under Rule 12(b)(2)." *Daly*, 2026 WL 221306, at *3 (internal quotation marks and citations omitted). "In other words, prior to discovery, a plaintiff may defeat a jurisdiction-testing motion by pleading in good faith legally sufficient allegations of jurisdiction." *Id.* (internal quotation marks, citations, and alterations omitted). But "[t]o allege personal jurisdiction over a defendant, group pleading is not permitted." *In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 135 (S.D.N.Y 2021). Rather, a plaintiff must "establish a *prima facie* case of personal jurisdiction against *each* Defendant as to *each* claim asserted." *Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d 379, 397 (S.D.N.Y. 2021) (emphasis in original).

When evaluating the parties' submissions, the court will read the complaint and submissions in the light most favorable to the plaintiff. *Daou v. Early Advantage, LLC*, 410 F.

Supp. 2d 82, 88-89 (N.D.N.Y. 2006) (citations omitted). However, the Court "'will not draw argumentative inferences in the plaintiff's favor' and need not 'accept as true a legal conclusion couched as a factual allegation.'" *In re Tether*, 576 F. Supp. 3d at 86 (quoting *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013)).

### B.   Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides in relevant part: "a party may amend its pleading once as a matter of course no later than 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). After 21 days, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When a cross-motion for leave to file an amended complaint is made in response to a motion to dismiss under Rule 12(b)(6), leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, *i.e.*, if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief. *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). When assessing futility, the court employs a standard comparable to that utilized in assessing a motion to dismiss under Rule 12(b)(6). *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (observing that "leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss").

"[I]n a *pro se* case . . . the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting, *inter alia*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth*, 710 F.2d at 95). Therefore, Courts read *pro se* submissions liberally and interpret them "to raise the strongest arguments that they suggest." *United States v. Pilcher*, 950

F.3d 39, 44 (2d Cir. 2020) (quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 145 (2d Cir. 2017) (per curiam) (internal quotation marks omitted)).

## IV.    DISCUSSION

### A.    Personal Jurisdiction

The Court engages in a two-step inquiry to determine personal jurisdiction over a non-domiciliary.  *See Lively v. Wayfarer Studios LLC*, 810 F. Supp. 3d 421, 433 (S.D.N.Y. 2025) (citation omitted).  First, the Court applies the long-arm statute of the forum state, in this case, New York.  *See Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*, 763 F. Supp. 3d 618, 630 (S.D.N.Y. 2025) (citing *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010); Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A)).  "In New York, there are two ways to establish personal jurisdiction over a defendant: (1) 'general jurisdiction' under N.Y. C.P.L.R. § 301; and (2) 'specific jurisdiction' under N.Y. C.P.L.R. § 302."  *Kreit v. Byblos Bank S.A.L.*, No. 22-cv-10751, 2023 WL 6977448, at *4 (S.D.N.Y. Oct. 22, 2023) (citation omitted), *aff'd*, 2025 WL 338194 (2d Cir. Jan. 30, 2025) (summary order).

If personal jurisdiction exists under New York law, the Court then examines whether exercising personal jurisdiction comports with constitutional due process.  *See Chloe*, 616 F.3d at 164; *see also Spetner v. Palestine Inv. Bank*, 70 F.4th 632, 639 (2d Cir. 2023).  "Due process considerations require that the defendant 'have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 169 (2d Cir. 2013) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (alterations omitted).

### i.    General Jurisdiction Under New York State Law

General personal jurisdiction subjects a defendant to suit on all claims.  *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*,

564 U.S. 915, 919 (2011).  In New York, under N.Y. C.P.L.R. § 301, "general jurisdiction exists when a company 'has engaged in such a continuous and systematic course of 'doing business' in New York that a finding of its 'presence' in New York is warranted." *Arzu v. Am. Airlines, Inc.*, 690 F. Supp. 3d 242, 247 (S.D.N.Y. 2023) (quoting *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014)) (alterations omitted).

Waste Management contends that the Court does not have general personal jurisdiction over it because Plaintiff has failed to set forth facts that Waste Management has continuous and systematic contacts with New York.  *See* Dkt. No. 31-1 at 6-7.  Plaintiff does not specifically respond to this argument in her opposition papers.  *See generally* Dkt. No. 33.

The Court agrees with Waste Management.  Plaintiff has not alleged that Waste Management is a resident of New York or has continuous and systematic contacts with New York that render Defendant at home in the state.  In support of its motion to dismiss, Defendant submitted a declaration attesting to its lack of the requisite contacts with New York.  *See* Dkt. No. 31-2.  Specifically, Defendant declares that Waste Management is a holding company incorporated in Delaware with no operations or employees.  *Id.* at ¶¶ 3-4, 6; *see also* Dkt. No. 31-3.  Its subsidiaries, including Waste Management of New York, L.L.C. ("Waste Management of New York"), conduct all operations.  Dkt. No. 31-2 at ¶ 4.  Waste Management also has no offices or physical facilities in New York.  *Id.* at ¶ 5.  Its principal place of business is in Houston, Texas and all of Waste Management's administrative and executive functions are carried out in the State of Texas.  *Id.* at ¶¶ 3, 7.

Accordingly, Waste Management is not subject to this Court's general jurisdiction.

### ii.    Specific Jurisdiction Under New York State Law

Next, the Court must determine whether it has specific jurisdiction over Waste Management.  "The presence of the subsidiary alone does not establish the parent's presence in

the state." *Raspberry Holdings LLC v. NextBank Int'l Inc.*, No. 24-cv-1529, 2025 WL 438270, at *6 (S.D.N.Y. Feb. 7, 2025) (quoting *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998)). "Under New York law, when a plaintiff seeks to establish the Court's specific personal jurisdiction over a parent company based on the acts of its subsidiary, 'the subsidiary must be either an 'agent' or 'mere department' of the foreign parent.'" *LPD New York, LLC v. Adidas Am., Inc.*, No. 15-cv-6360, 2017 WL 1162181, at *16 (E.D.N.Y. Mar. 27, 2017) (quoting *Jazini*, 148 F.3d at 184).

### a. Mere Department

"The 'mere department' theory of jurisdiction is premised on the idea that when the 'activities of the parent show a disregard for the separate corporate existence of the subsidiary,' the actions of the subsidiary can, as a general matter, be imputed to the parent for jurisdictional purposes." *Raspberry Holdings*, 2025 WL 438270, at *6 (quoting *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984)); *see also Yousef v. Al Jazeera Media Network*, No. 16-cv-6416, 2018 WL 1665239, at *6 (S.D.N.Y. Mar. 22, 2018) (noting that the relevant question is "whether the allegedly controlled entity was a shell for the allegedly controlling party"). To determine whether a subsidiary is a 'mere department' of a parent, courts consider the following four factors: "common ownership"; "financial dependency of the subsidiary on the parent corporation"; "the degree to which the parent corporation interferes in the selection and assignment of the subsidiary's executive personnel and fails to observe corporate formalities"; and "the degree of control over the marketing and operational policies of the subsidiary exercised by the parent." *Am. Lecithin Co. v. Rebmann*, No. 12-cv-929, 2017 WL 4402535, at *6 (S.D.N.Y. Sept. 30, 2017) (quoting *Jazini*, 148 F.3d at 184-85).

Here, the first factor, common ownership, is clearly established. But although the first factor is "essential," it is insufficient on its own to establish personal jurisdiction. *See id.* (collecting cases). Regarding the second and third factors, there is no evidence indicating that

Waste Management of New York is financially dependent upon Defendant, or that Defendant interferes in the selection or assignment of personnel for Waste Management of New York. Waste Management does not have any employees. *See* Dkt. No. 31-2 at ¶ 6. According to Defendant's declaration, Waste Management of New York's management team is responsible for managing its business and operations, including all personnel decisions regarding its employees. *See id.* at ¶¶ 9-10. And as to the fourth factor, Plaintiff makes no allegation nor puts forth any evidence that Defendant exercises control over the marketing and operational policies of Waste Management of New York. Neither the "Operations and Safety Rules" Plaintiff submits, nor the disciplinary documentation Plaintiff references identify Waste Management. *See* Dkt. No. 33 at 53, 59. And while "it is well established that a parent may make broad policy decisions for its subsidiaries, . . . such control does not justify labeling a subsidiary a mere department of the parent." *Hume v. Lines*, No. 12-cv-6378, 2016 WL 6524285, at *8 (W.D.N.Y. Nov. 3, 2016) (internal quotation marks and citation omitted); *see also Vinci v. V.F. Corp.*, No. 17-cv-91, 2018 WL 1027429, at *5 (D. Vt. Feb. 21, 2018) (finding that "[a]llegations of generalized control of [defendant's] subsidiary are insufficient to establish the requisite minimum contacts" necessary for personal jurisdiction).

Thus, Plaintiff has failed to assert facts sufficient to establish that Waste Management of New York was operating as a 'mere department' of Defendant.

### b. Agency Relationship

Similarly, "[t]o prove that a subsidiary is an agent of a parent company, a plaintiff must establish that the 'subsidiary does all the business which the parent corporation could do were it here by its own officials.'" *LPD*, 2017 WL 1162181, at *17 (quoting *Jazini*, 148 F.3d at 184 (alteration omitted)). A plaintiff demonstrates this "by establishing that the subsidiary's 'activities were for the benefit of and with the knowledge and consent of the parent-company defendant, and

9

that the parent-company defendant exercised some control over the subsidiary in the matter that is the subject of the lawsuit.'" *Id.* (quoting *Ingenito v. Riri USA, Inc.*, 89 F. Supp. 3d 462, 447 (E.D.N.Y. 2015)) (alterations omitted).  However, "sparse allegations of agency" are insufficient "to make a *prima facie* showing of personal jurisdiction." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 86 (2d Cir. 2018).

Here, Plaintiff's allegations do not show that Waste Management exercised any control over or had any knowledge of the purported conduct that is the subject of this action.  Plaintiff contends that "Corporate HR" participated in disciplining Plaintiff because Defendant Dennis contacted Operations Manager Joseph Mazzelli, and both consulted Senior People Manager Jessica Garvey in Boston for direction.  *See* Dkt. No. 33 at 4.  But none of those employees were employed by Waste Management.  *See* Dkt. No. 31-2 at ¶ 5.  Thus, where there is no indication that Waste Management was involved in the employment decision at issue, the Court cannot exercise specific personal jurisdiction over it.  *See, e.g.*, *LPD*, 2017 WL 1162181, at *17 (finding that the court cannot exercise specific personal jurisdiction over parent where plaintiff's allegations "do not show that [parent] exercised any control over or had any knowledge of the collaboration between [p]laintiff and [subsidiary], which collaboration gave rise to [p]laintiff's suit"); *Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*, No. 23-cv-7106, 2024 WL 1533189, at *9 (S.D.N.Y. Apr. 8, 2024) (finding that New York-based corporate entities are not agents of defendant where plaintiff had not alleged any control that defendant had over either entity or refuted parent-defendant's evidence that it did not exercise any control).

Accordingly, Plaintiff has not sufficiently alleged that Defendant is subject to specific jurisdiction under New York's long-arm statute.

*   *   *

Because the Court lacks general and specific personal jurisdiction over Waste Management under New York's long-arm statute, the Court need not reach the question of whether the exercise of personal jurisdiction comports with constitutional due process. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. UPS Supply Chain Sols., Inc.*, 74 F.4th 66, 73 (2d Cir. 2023) ("Because New York's long-arm statute does not authorize personal jurisdiction over [defendant] in this action, we need not decide whether exercising such jurisdiction would comport with constitutional due process."); *Ziboukh v. Whaleco, Inc.*, 795 F. Supp. 3d 349, 382 (E.D.N.Y. 2025) (same).

Accordingly, the Court grants Defendant's motion to dismiss for lack of personal jurisdiction.

## B. Plaintiff's Motions to Amend Complaint

The Court now addresses Plaintiff's motions seeking leave to file a second amended complaint and third amended complaint in this action. Plaintiff seeks to add Waste Management of New York, the entity that employed Plaintiff in Albany, New York, as a defendant in this action. *See* Dkt. Nos. 27, 40. Defendant does not oppose Plaintiff's motions to amend, to the extent that Plaintiff's second amended complaint adds Waste Management of New York as a defendant. Dkt. No. 39 at ¶ 3; Dkt. No. 48 at ¶ 5. However, Waste Management opposes Plaintiff's motions to the extent that Plaintiff continues to name Waste Management as a defendant. Dkt. No. 39 at ¶ 4; Dkt. No. 48 at ¶ 6.

Plaintiff is granted leave to add Waste Management of New York as a defendant. But to the extent that Plaintiff continues to name Waste Management as a defendant, the Court denies Plaintiff's motion to amend on such basis, for the reasons set forth in *supra* Section IV(A).

Additionally, in her proposed second and third amended complaints, Plaintiff appears to bring claims for aiding and abetting a hostile work environment under the NYSHRL against Defendants Dennis and Glass, despite failing to specifically include Defendants Dennis and Glass

11

in the case caption. *See* Dkt. No. 27-2 at 4; Dkt. No. 40-2 at 27. In light of Plaintiff's *pro se* status and consistent with this Court's prior order on initial review, to the extent that Plaintiff continues to assert claims for aiding and abetting a hostile work environment against Defendants Dennis and Glass, the Court grants Plaintiff's motion to amend the complaint to reassert these claims against them. *See* Dkt. No. 14 at 7-8.

Plaintiff also brings a gender discrimination claim under the NYSHRL against "Defendants" broadly. *See* Dkt. No. 27-2 at 4; Dkt. No. 40-2 at 25. Likewise, to the extent that Plaintiff continues to assert a gender discrimination claim against Defendant Dennis under the NYSHRL, the Court similarly grants Plaintiff's motion to amend the complaint to reassert this claim against him. *See* Dkt. No. 14 at 6-7. However, Plaintiff's motion is denied to the extent that Plaintiff seeks to add Title VII claims against Defendants Dennis and Glass, as this Court has already held that individuals are not subject to liability under Title VII. *See* Dkt. No. 6 at 3 (citing, *inter alia*, *Pitter v. Target Corp.*, No. 20-cv-183, 2020 WL 8474858, at *5 (N.D.N.Y. Sept. 1, 2020), *report and recommendation adopted*, 2020 WL 7767629 (N.D.N.Y. Dec. 30, 2020); *Terpening v. McGinty*, No. 21-cv-1215, 2022 WL 2657291, at *7 (N.D.N.Y. Apr. 28, 2022), *report and recommendation adopted*, 2022 WL 2115265 (N.D.N.Y. June 13, 2022)).

Accordingly, Plaintiff's motion for leave to file a third amended complaint is granted in part and denied in part. The Court denies Plaintiff's motion for leave to file a second amended complaint as moot.[3]

---

[3] Plaintiff's proposed second and third amended complaints each assert the same claims against the same defendants, but the proposed third amended complaint includes more fulsome factual allegations.

## C. Warning to Plaintiff

As a final matter, the undersigned has been unable to locate or verify several of the cases cited by Plaintiff in support of her opposition to Defendant's motion to dismiss. Specifically, Plaintiff's opposition includes citations to at least four nonexistent judicial opinions: *LPD New York, LLC v. Adidas Am., Inc.*, 2020 WL 1501881 (S.D.N.Y. Mar. 30, 2020); *Powell v. Monarch Recovery Mgmt., Inc.*, 2017 WL 102666 (E.D.N.Y. Mar. 23, 2017); *Robertson v, Waste Management, Inc.*, 2019 WL 1238839 (D. Colo. Mar. 18, 2019); and *Snyder v. Ply Gem Indus., Inc.*, 827 F. Supp. 2d 472 (E.D.N.Y. 2011). *See* Dkt. No. 33 at 3, 10.[4] "Although in 'some circumstances courts will make some allowances for a *pro se* [p]laintiff's failure to cite to proper legal authority,' it is 'no more acceptable for a *pro se* litigant to submit briefs with fake case citations than it is for a lawyer to do so.'" *Hodges v. McGough Enters. LLC*, No. 23-cv-5016, 2026 WL 1470246, at *3 (S.D.N.Y. May 26, 2026) (quoting *Fecteau v. Safety Nat'l Cas. Corp.*, No. 25-cv-3821, 2026 WL 821567, at *24 (S.D.N.Y. Mar. 25, 2026)). Indeed, attempting to persuade a court or oppose an adversary by relying on "non-existent precedent" is an "abuse of the adversary system." *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (citation omitted).

Accordingly, the Court directs Plaintiff to refrain from any further use of hallucinated or fabricated case law in submissions before this Court. Plaintiff is further advised that any future filings containing citations to nonexistent cases may result in sanctions, including the striking of such filings from the record, the imposition of filing restrictions, the issuance of monetary sanctions, or the dismissal of this action. See *Smith v. Smith*, No. 25-cv-1077, 2025 WL 3706691, at *5 (N.D.N.Y. Dec. 22, 2025) (issuing similar warning to *pro se* plaintiff), *appeal dismissed*, No. 25-3259, 2026 WL 1877827 (2d Cir. May 28, 2026); *Dukuray v. Experian Info. Sols.*, No. 23-cv-

---

[4] Two of the four cases are only cited in Plaintiff's table of authorities. *See* Dkt. No. 33 at 10.

13

9043, 2024 WL 3812259, at *12 (S.D.N.Y. July 26, 2024) (same), *report and recommendation adopted*, 2024 WL 3936347 (S.D.N.Y. Aug. 26, 2024).

## V.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Waste Management's motion to dismiss for lack of personal jurisdiction, Dkt. No. 31, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion seeking leave to file a third amended complaint, Dkt. No. 40, is **GRANTED in part and DENIED in part**, as set forth in Section IV(B) of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Plaintiff shall file an amended complaint within thirty (30) days of the filing date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Plaintiff's motion seeking leave to file a second amended complaint, Dkt. No. 27, is **DENIED as moot**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  August 5, 2026
          Albany, New York

Anne M. Nardacci
U.S. District Judge

14